474 P.2d 806

**STATE of Arizona, Appellee,**

v.

**Matthew LOVE, Appellant.**

**No. 10020-PR.**

Supreme Court of Arizona,
In Banc.

Sept. 28, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

James H. Garcia, Phoenix, for appellant.

UDALL, Justice.

Defendant, Matthew Love, was convicted of first degree burglary and grand theft in the Superior Court of Maricopa County and was sentenced to a prison term of from four to five years. The Court of Appeals affirmed the convictions, 8 Ariz.App. 180, 444 P.2d 737 (1968). Defendant then filed, in propria persona, a "Motion to Reopen the Appeal for Further Consideration" and a "Motion for Rehearing", both of which were denied by the Court of Appeals. Defendant then filed a "Motion for Reconsideration and Objection to Denial of Motion for Rehearing", which we granted, treating it as a timely Petition for Review.

In these post-appeal motions, defendant contends for the first time that the trial court committed reversible error by failing to give the special circumstantial evidence instruction, which it was bound to give sua sponte, because the state's case consisted exclusively of circumstantial evidence. With this contention we agree.

The state's evidence shows that shortly after 5:00 a. m. on February 4, 1966, the "Wig World" located in Phoenix, Arizona, was burglarized. Several ladies' wigs were taken. Phoenix police officers responded to a silent alarm and shortly after arriving at the scene, they saw defendant driving down Camelback Road away from the store. One of the officers followed the car, since in his estimation he "felt it didn't belong, didn't fit in with the situation at that time in the morning." Defendant was arrested and brought back to the scene. An officer examined defendant's hands and noticed little flakes of gold-colored substance, which to him appeared similar to the gold spray paint found on the styrofoam models on which the wigs were displayed. The officer also testified that he examined defendant's clothing and noticed several strands of long hair on the front side of his sport coat.

The state's case consisted solely of this circumstantial evidence. No direct evidence of any kind was offered. Although a conviction may be based solely on circumstantial evidence, such evidence must not only be consistent with guilt, but must also be inconsistent with every reasonable hypothesis of innocence. State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963). Moreover, the jury must be so instructed. In State v. Cox, 93 Ariz. 73 at 75, 378 P.2d 750 at 751 (1963), we said:

"[T]his case must be reversed for failure to submit an instruction on circumstantial evidence. The entire evidence against the defendants was circumstantial."

It makes no difference that defendant failed to request the instruction, or that he failed to object to its not being given.

Usually, we will not consider an allegation of error on appeal where the defendant did not object below. However, we have held that the failure to give this instruction is fundamental error. We said in State v. Daymus, 90 Ariz. 294 at 306, 367 P.2d 647 at 655 (1961):

"The weight of authority is that the court on its own motion is under a duty to give proper instructions as to the effect of circumstantial evidence *if the prosecution must rely exclusively on circumstantial evidence to convict*." (Emphasis supplied.)

Since all the evidence was circumstantial and since the jury was not properly instructed, the convictions cannot stand.

The opinion of the Court of Appeals is vacated and the case is reversed and remanded for a new trial.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND, J., concur.

NOTE: Justice JACK D. H. HAYS did not participate in the determination of this matter.