**Brian PEDIGO and David Pedigo, Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1-582A110.**

Court of Appeals of Indiana,
First District.

Dec. 28, 1982.

Michael T. Forsee, Public Defender, Jeffersonville, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendants-appellants Brian Pedigo (Brian) and David Pedigo (David) were convicted by a jury in the Clark Circuit Court of arson, a Class B felony under Ind.Code 35–43–1–1(a)(2). From standard sentences of ten years, they appeal.

We affirm.

## STATEMENT OF THE FACTS

During the early morning hours of February 6, 1981, an explosion occurred in a van owned by Lawrence Martin Theriac while it was parked in front of his home on a residential street in Clarksville, Indiana. A hole was blown in the left rear quarter panel behind the wheel, and the rear window was blown out causing an estimated damage of $3,500. Shrapnel, debris and glass were blown 45 feet against Theriac's house which was occupied, and one fragment penetrated the house siding. Theriac and his family were home, and officers testified that in their opinion the explosion could have endangered human life had the pieces gone through the window. The police officers in their testimony fixed the cause of the explosion as an explosive device known as a kinnestick, a tubular instrument about eight inches long filled with dynamite.

Upon investigation Theriac saw Brian and David peering out of the window of their house located across the street from Theriac's house. Damon Sean McClure testified of Brian's possession of explosives in 1979 and testified to David's admission, during a conversation at the Van Holland Rock Concert, that he blew up the van. Bret Taylor, who lived with David and Brian at the time, testified that on the evening in question he saw electric wire on the table in the house, a car battery, and that he saw the Pedigos trying to open the front window of their house. Rick Gutowski, who also lived with David and Brian, related a prior conversation between Brian, David and Bret Taylor about putting sugar in the gas tank of the van because of some petty pique toward Mrs. Theriac. He also testified that on the evening in question he saw a kinnestick, a blasting cap, and a large amount of black electrical wire wound around a broomstick in the house. He helped wind the wire. After the bombing the Pedigos commented that the bombing was not traceable. David explained how the bomb worked. He further told Gutowski that since he helped roll the wire he was as guilty as anyone else, and both Brian and David told him the police were bluffing and

to keep his mouth shut. David acknowledged to police officers that he knew how to wire dynamite, make bombs, and had detonated them for fun.

### ISSUES

Pedigos present four issues for review which restated by us are as follows:

I. Whether the trial court erred in permitting Damon Sean McClure to testify since his name was not on the witness list produced by the State;

II. Whether the trial court erred in not granting a new trial because of newly discovered evidence to rebut McClure's testimony;

III. Whether there was insufficiency of the evidence "as the verdict was not supported by sufficient evidence of the element of damages to property under circumstances which endanger human life;" and

IV. Whether the trial court erred in not finding mitigating circumstances in the imposition of the sentences.

### DISCUSSION AND DECISION

*Issue I. Violation of discovery order*

Witness Damon Sean McClure was not on any witness list submitted by the State in response to the trial court's discovery order. However, on November 10, 1981, the first day of the trial, the State notified defense counsel that McClure would be called. Defense counsel made no motion for a continuance, but objected to McClure's testifying at all. The court permitted defense counsel to interview and/or depose McClure on November 11, the intervening legal holiday when the court would not be in session, and ordered the State not to use McClure until this was done. Defense counsel agreed: "That is fine." Defense counsel did interview McClure. McClure was then called as a witness on November 12. Defense counsel made no motion for a continuance but again objected to McClure's testifying at all. It appears from the record that defense counsel was aware of McClure's involvement and a statement made by him in another case. In addition, defense counsel had asked questions during voir dire about potential jurors' knowledge of McClure.

As Pedigos acknowledge, the law in Indiana is that a motion for a continuance is the proper remedy where his adversary's discovery response fails to disclose pertinent information. *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Cameron v. State,* (1980) Ind., 412 N.E.2d 1194. Sanctions for failure to comply with discovery orders are discretionary with the trial court. Absent clear error, its decisions will not be overturned. *Harris, supra; Cameron, supra.* Pedigos' argument seems to say that the one day legal holiday continuance was not sufficient for them to muster enough rebuttal to McClure's testimony. If such were the case they should have asked for more time, which even was suggested by the prosecuting attorney. Instead, they merely objected to McClure's testimony. We also have found facts in the record which indicate that Pedigos were not really surprised. We do not believe such conduct as here, which does not appear to be calculated on the part of the State, is such as to bring the circumstances within the exception announced in *Long v. State,* (1982) Ind.App., 431 N.E.2d 875. We are of the opinion that the trial court did not err.

*Issue II. Newly discovered evidence*

Pedigos, in support of their motion to correct errors, tendered the affidavit of Bret Taylor which, in effect, refuted the acknowledgment of guilt made by David to McClure at the Van Holland Rock Concert. As Pedigos admit, this was merely impeaching evidence. Impeaching evidence is not available as grounds for a new trial under the rule concerning newly discovered evidence. *Wiles v. State,* (1982) Ind., 437 N.E.2d 35. Further, newly discovered evidence as a basis for a motion to correct errors is viewed with disfavor, and a denial of such motion will be reversed only for abuse of the trial court's discretion. *Moss v. State,* (1982) Ind.App., 433 N.E.2d 852.

Pedigos' argument here is tied to Issue I and they insist that a one day continuance was not sufficient for them to discover Taylor's testimony to rebut McClure's statement. Taylor lived with Pedigos and testified at the trial. Under the circumstances we are of the opinion that no abuse of discretion was shown.

### Issue III. Sufficiency of the evidence

Although the motion to correct errors and the assignment of errors on appeal address only the sufficiency of the evidence on the element "damage of property under circumstances which endanger human life," they argue evidence generally. Pedigos were convicted under Ind.Code 35–43–1–1 which, as relevant here, provides:

"(a) A person who, by means of fire or explosive, knowingly or intentionally damages:

\* \* \* \* \* \*

(2) property of any person under circumstances that endanger human life; or

\* \* \* \* \* \*

... commits arson, a Class B felony."

Pedigos argue that the evidence is insufficient to establish that human life was endangered. We disagree. A bomb was exploded in the van on a residential street by the Theriac home and pieces of metal, glass, shrapnel and debris struck the house, one piece penetrating the siding. Persons in front of the window in the house, or innocent pedestrians could have been fatally injured. The gas tank of the van could have exploded causing a major fire. These matters, in our opinion, endanger human life. Endanger means to expose to harm. *Webster's Seventh New Collegiate Dictionary* (1972).

We have reviewed the evidence as a whole and find it sufficient. We do not weigh the evidence or adjudge the credibility of the witnesses, but rather, consider the evidence and all of its inferences most favorable to the State. *Biggerstaff v. State,* (1982) Ind., 432 N.E.2d 34. A conviction may be sustained on circumstantial evidence alone. *Willard v. State,* (1980) Ind., 400 N.E.2d 151.

### Issue IV. Mitigating circumstances

Pedigos finally contend that the fact they cooperated with the probation officer, had no prior criminal record, and their imprisonment would have created a hardship on their families was sufficient mitigating circumstances to mandate the trial court to subtract time of imprisonment up to four years. Under Ind.Code 35–4.1–4–7 the trial court may consider those circumstances, but it is entirely discretionary to do so. *Cornelius v. State,* (1981) Ind., 425 N.E.2d 616. That statute further contains a condition that the crime did not threaten harm. Setting off bombs, in our opinion, is reprehensible in the extreme. We find no abuse of discretion on the part of the trial court.

For the above reasons, this cause is affirmed.

Affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.