**Steven GALBRAITH, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 2–583A147.

Court of Appeals of Indiana, Second District.

Sept. 24, 1984.

Rehearing Denied Nov. 20, 1984.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Steven Galbraith (Galbraith) appeals from his convictions of class B felony arson[1] and attempted theft,[2] claiming there was insufficient evidence to support the convictions, the trial court erred in refusing to give a tendered instruction on circumstantial evidence, and the trial court erred in admitting evidence seized at the site of the fire.

We affirm.

## FACTS

The facts most favorable to the State reveal that on February 2, 1981, the Galbraith family prepared to leave their mobile home for the evening. Before they had backed out the driveway, family members noticed a fire in their mobile home. Galbraith contacted the fire department, but when they arrived several minutes later, the mobile home was completely engulfed in flames.

At the time of the fire, Galbraith was unemployed and was receiving workmen's compensation for a knee injury. The mobile home had been purchased on contract, and the seller testified that the monthly payments were consistently late. At the end of January, 1981, Galbraith had asked the seller what the contract balance was, stating that he hoped to have her money for her soon.

After the fire, Galbraith filed a claim with his insurance company for over $16,-000.00, almost double the amount of his insurance coverage. The claim was denied after investigators eliminated all accidental causes for the fire and determined that an accelerant (gasoline) had been used to set the fire. Investigators also found a gas can in Galbraith's unattached garage and testified they were surprised to find much less residue of personal belongings inside the mobile home than they had expected.

Galbraith was charged by information with attempted theft and class B felony arson which results in endangerment of human life, in this case the lives of firemen

---

1. Ind.Code 35–43–1–1(a)(2) (1982).

2. IC 35–41–5–1 (1982), –43–4–2 (1982).

called to fight the fire. From his conviction on both counts, Galbraith now appeals.

## ISSUES

Galbraith raises multiple issues which we have regrouped for ease of discussion:

1. Was there sufficient evidence to support Galbraith's conviction of arson under circumstances that endanger human life?
2. Was there sufficient evidence to uphold Galbraith's conviction of attempted theft?
3. Did the trial court err in refusing Galbraith's tendered instruction on circumstantial evidence?
4. Did the trial court err in admitting evidence pertaining to items taken from the inside of the mobile home?

## DECISION

ISSUE ONE—Was there sufficient evidence to support Galbraith's conviction of arson under circumstances which endanger human life?

PARTIES' CONTENTIONS—Galbraith contends his arson conviction cannot be upheld because there was inadequate proof he set the fire and the mere presence of firemen is not a circumstance which creates danger to human life as contemplated by the statute.

The State counters that not only was there sufficient evidence of guilt, but the danger presented to firefighters, standing alone, constituted an endangerment to human life. Further, the lives of neighbors were also endangered.

CONCLUSION—There was sufficient evidence to support Galbraith's conviction of arson under circumstances that endanger human life.

■ Galbraith's attack on the sufficiency of the evidence leading to his arson conviction is a two-stringed bow. First, he contends that, because the evidence is conflicting on each element used as circumstantial evidence of his guilt, the evidence is insufficient to sustain the conviction. In review-

ing the sufficiency of the circumstantial evidence leading to Galbraith's conviction, we use the same scope of review as we do when the evidence is direct. We will not reweigh the evidence or judge credibility of witnesses; rather, we look only to the evidence most favorable to the State and all reasonable inferences which may be drawn therefrom. So long as a reasonable inference of guilt may be drawn from the circumstantial evidence presented, we will not alter the verdict. *Biggerstaff v. State*, (1982) Ind., 432 N.E.2d 34; *Griffin v. State*, (1980) Ind.App., 413 N.E.2d 293.

■ The evidence presented at trial focused on four circumstantial elements of guilt—presence at the scene, proof of the incendiary nature of the fire, conduct before and after the fire, and motive. We now look to the evidence presented on each circumstantial element, considering only the evidence favorable to the decision rather than reviewing conflicting evidence as requested by Galbraith. Galbraith himself testified he was present at the scene with his wife and children. *Record* at 589. Fire investigators testified the fire was incendiary in nature, having been ignited by an accelerant, gasoline. *Record* at 371–88, 455.

As for Galbraith's conduct before and after the fire, the seller of the mobile home testified Galbraith had recently asked for the balance owed on the contract and stated he hoped to pay it off soon. *Record* at 418–20. A neighbor testified that on the day of the fire she saw Galbraith leave and return with a flatbed trailer. *Record* at 197–98. Fire investigators testified that after the fire they found a gas can in Galbraith's unattached garage and were surprised to find very little residue of personal belongings inside the mobile home's shell. *Record* at 314–18, 389. And, Galbraith filed an insurance claim after the fire for twice the amount of his coverage, showing $3,000.00 of purchases made less than two months before the fire. *Record* at 311–12, 320. Finally, the evidence of motive included proof Galbraith was unemployed and receiving workmen's compensa-

tion for a knee injury, *record* at 320, monthly payments on the mobile home were consistently late, *record* at 419, and Galbraith had insurance on the mobile home and his personal belongings. *Record* at 310. We find this evidence, when viewed in toto, to be sufficient. *See Biggerstaff, supra; Maciejack v. State,* (1980) 273 Ind. 408, 404 N.E.2d 7. *Cf. Griffin, supra* (no evidence of motive or unusual conduct before and after fire); *McAllister v. State,* (1974) 161 Ind.App. 644, 317 N.E.2d 200 (no evidence of presence at the scene).

Second, Galbraith asserts insufficiency of the evidence because there was no evidence that human life was in danger. The information stated, in pertinent part, that Galbraith knowingly damaged, by fire, his own mobile home "under circumstances that endangered human life, to-wit: members of the Center Township Volunteer Fire Department were called to extinguish the Galbraith mobile home fire and in doing so endangered their lives." *Record* at 10. Galbraith proffers the engaging argument that "the summoning of firefighters is inherently envisioned in a situation wherein burning of a building is occurring and that this eventuality is an inherent component of IC 35–43–1–1(c) [arson with intent to defraud, a class C felony]. To enhance the offense to a class B felony [IC 35–43–1–1(a)(2) arson under circumstances that endanger human life] each time a fire department is summoned would be to render IC 35–43–1–1(c) devoid of meaning." *Appellant's Brief* at 39–40.[3] As a result, Galbraith concludes, he was improperly convicted of arson under circumstances endangering human life.

■ Although Galbraith frames this issue as a lack of sufficient evidence to support his conviction, his claim is actually premised on a belief the facts alleged in the information do not constitute an offense, *i.e.,* firemen are not covered by the endan-

germent provision of class B felony arson. However, the record indicates no motion to dismiss the information for failure to state facts which constitute an offense was ever filed on behalf of Galbraith. According to IC 35–3.1–1–4 (1981 Supp.)[4], if the defendant does not raise such a challenge prior to arraignment and plea, any error in that regard is waived. *See Brown v. State,* (1982) Ind., 442 N.E.2d 1109.

■ Thus, we need only look to the sufficiency of the evidence *presented at trial* to uphold Galbraith's conviction. The testimony at trial was not limited to evidence of danger to firefighters. The record reveals the mobile home sat in a densely forested area in which homes surrounded a lake. *Record* at 194, 199, 201. The next door neighbor, whose home was about 200 feet from the mobile home, *record* at 205, and several other neighbors, came to the scene of the fire before the firefighters arrived. *Record* at 204, 205. When the firemen arrived, flames were shooting about ten to twenty feet in the air, blown by cold, gusting fifteen to forty mph winds. The unattached garage had begun to catch fire, so the firemen simply tried to contain the blaze by watering down the garage and a propane gas tank sitting nearby. During their efforts, the roof of the mobile home was blown off by the gusting winds, finally resting against a telephone pole. *Record* at 241–42, 245, 250, 254, 270, 276, 290–91. Galbraith himself testified that he shut off the 275 gallon propane gas tank because he feared the danger of an explosion which would have "leveled everything, my house, next door neighbor's house, everything. Killed everybody around it probably." *Record* at 602.

"Endanger means to expose to harm." *Pedigo v. State,* (1982) Ind.App., 443 N.E.2d 347, 350. Out of his own mouth, the defendant has admitted endangerment of human life. *See Cronk v. State,* (1983)

---

**3.** In *State v. Bonfanti,* (1969) 254 La. 877, 227 So.2d 916, the Supreme Court of Louisiana adopted this interpretation of a statute nearly identical to that of Indiana.

**4.** Recodified at IC 35–34–1–4 (1982).

Ind.App., 443 N.E.2d 882, *trans. denied; Pedigo, supra.*

ISSUE TWO—Was there sufficient evidence to uphold Galbraith's conviction of attempted theft?

PARTIES' CONTENTIONS—Undismayed, Galbraith asserts again, there is no evidence to prove he set the fire, or, any proof his insurance claim was invalid. The State responds that evidence was presented proving the attempted theft.

CONCLUSION—There was sufficient evidence to uphold Galbraith's conviction of attempted theft.

■ Weighing evidence is for trial courts. To establish an attempt, the evidence must show the defendant acted with the necessary culpability and engaged in a substantial step toward the commission of the crime. *See Williams v. State,* (1982) Ind., 433 N.E.2d 769. Here, evidence is sufficient because the arson evidence is coupled with proof of Galbraith's filing an insurance claim well in excess of his coverage, *record* at 310–11; the filing of a claim which listed large amounts of purchases shortly before the fire despite Galbraith's only source of income being workmen's compensation benefits, *record* at 320; the observance by a neighbor of Galbraith leaving with a flatbed trailer on the day of the fire, *record* at 197–98; the denial of the insurance claim, *record* at 347; and the unusually small amount of residue of personal belongings found by investigators in the mobile home shell. *Record* at 316.

ISSUE THREE—Did the trial court err in refusing Galbraith's tendered· instruction on circumstantial evidence?

PARTIES' CONTENTIONS—Galbraith submits that it was reversible error to refuse his tendered instruction on circumstantial evidence. The State replies that any error has been waived for failure to properly tender the instruction.

CONCLUSION—The trial court did not err in refusing Galbraith's tendered instruction on circumstantial evidence.

■ At trial, Galbraith tendered an instruction which properly stated that when a conviction rests upon circumstantial evidence the jury must conclude that every reasonable hypothesis of innocence is excluded beyond a reasonable doubt. It has been held that, when all the evidence at trial is circumstantial, failure to give such an instruction, even if another instruction is given defining direct and circumstantial evidence, is reversible error. *Spears v. State,* (1980) 272 Ind. 634, 401 N.E.2d 331 [5]; *Nelson v. State,* (1980) Ind.App., 413 N.E.2d 988.

Nevertheless, the State alerts us to the fact Galbraith's instruction was not properly tendered because it was unsigned. *Record* at 85. Our supreme court has recently reiterated the long-standing rule that failure to number *and* sign *each* instruction waives any error as to the failure to give the instruction. *Harding v. State,* (1984) Ind., 457 N.E.2d 1098. Consequently, the refusal to give the circumstantial evidence instruction must be fundamental error for Galbraith to prevail. We conclude it is not.

Several other states have been faced with this same question. Only one, Arizona, has concluded the failure to give this instruction on circumstantial evidence is fundamental error, but without discussion or rationale. *State v. Love,* (1970) 106 Ariz. 215, 474 P.2d 806; *State v. Padilla,* (1969) 105 Ariz. 214, 462 P.2d 82. The other jurisdictions have found no fundamental error, focusing on the defendant's failure to even tender an instruction, *Price v. State,* (Fla.Dist.Ct.App.1975) 318 So.2d 468; *Mathes v. State,* (Okla.Crim.App.1976) 552 P.2d 415; *Stuart v. State,* (Okla.Crim. App.1974) 522 P.2d 288, or the presence of sufficient evidence to justify affirmance of the conviction. *Wessling v. Bennett,* (N.D. Iowa 1968) 290 F.Supp. 511, *cert. denied,*

5. Opinion modified on rehearing as to an unrelated issue. *See Spears v. State,* (1980) 272 Ind. 634, 403 N.E.2d 828.

396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248; *Stuart, supra; Coleman v. State,* (Tex. Crim.App.1975) 530 S.W.2d 823.

We find this last rationale applicable to our facts and most appealing. Fundamental error has been defined as "error that, if not rectified, would deny a defendant fundamental due process." *Warriner v. State,* (1982) Ind., 435 N.E.2d 562, 563. In *Wessling, supra* at 520, Judge Hanson observed that "[t]he Court has carefully perused the transcript of the trial and finds ample evidence buttressing petitioner's conviction. The quantum of evidence introduced by the state most assuredly has not shorn petitioner of due process." The same is true here. The circumstantial evidence was sufficiently convincing that we cannot say Galbraith was denied a fair trial.

ISSUE FOUR—Did the trial court err in admitting evidence pertaining to items taken from the inside of the mobile home?

PARTIES' CONTENTIONS—Galbraith argues the evidence was inadmissible because it could have been tampered with before investigators removed it from the mobile home. The State again submits a waiver contention, this time for inconsistency in the objections at trial and on appeal.

CONCLUSION—The trial court did not err in admitting evidence pertaining to items taken from the inside of the mobile home.

At trial, Galbraith objected to the admission of physical evidence or testimony relating to items taken or seen at the site of the mobile home fire because of the failure to obtain either a search warrant or the consent of Galbraith for the search. *Record* at 364–67. In his appellant's brief, however, Galbraith objects to the admission of this evidence because of the possibility the evidence may have been tampered with before collection by the investigators. *Appellant's Brief* at 57–58. Grounds for objection not raised in the trial court are not available as error on appeal. *Davidson v. State,* (1982) Ind., 442 N.E.2d 1076.

Judgment affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.