**Ricky THACKER, Appellant**
**(Defendant Below),**

**v.**

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 2–185 A 6.[1]**

Court of Appeals of Indiana,
First District.

May 15, 1985.

1. Diverted from the Second District by direction of the Chief Judge.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Ricky Thacker appeals his conviction of arson, a class B felony. Thacker moved pre-trial to suppress certain inculpatory statements made by him at the time of his arrest. Thacker maintained that the statements were obtained under duress and that his limited intelligence quota of 67 prevented him from effecting an intelligent, knowing waiver of his right to remain silent. Unpersuaded after hearing argument, the trial court overruled the motion and proceeded to a non-jury trial. The trial court specifically determined that Thacker knowingly committed arson under circumstances which endangered human life. Thereafter, Thacker received an eight-year incarceration at the Indiana Department of Corrections.

Four issues are presented:

1.  Whether it was error to overrule the motion to suppress.

2.  Whether the State's witness, Ronald Lee Taylor, qualified as an expert witness.

3.  Whether the corpus delecti was established as required prior to allowing in the defendant's admissions against interest.

4.  Whether the trial court erred in its determination that Thacker knowingly committed arson under circumstances which endangered human life.

We affirm.

The evidence most favorable to support the conviction is as follows:

On May 1, 1983, Muncie firemen responded to a fire at 323 North Dill Street. The fire was confined to an unoccupied garage belonging to a Jean Lidy located some seventy-five to eighty feet from the house. The fire originated in an accumulation of rubbish in the garage which Jean Lidy testified was not present in the garage prior to the fire. The State's expert witness, Ron Taylor, testified that on the basis of his investigation, the fire was a result of arson.

Carl Scheib, who at one time was Thacker's juvenile probation officer, testified that on May 5, 1983, Thacker spoke with him concerning fires which had occurred in the city. Concerned, Scheib accompanied Thacker to the Delaware County Prosecutor's office where they met with the Chief Criminal Investigator Jack L. Stonebraker. Also present were other officials who listened to Thacker's tale of certain fires in the city which Thacker at first claimed were ignited by his friend Dan Brown. At one point during the day's events, Thacker directed Stonebraker and the other officials to the sites of several of these fires including that of the garage fire. Three readings of his *Miranda* rights were given during the day and three times were waived by Thacker.

Stonebraker testified that Thacker explained in detail how he entered the garage and used gasoline in the fire. Throughout the day, Thacker's story vacillated from

one assertion that this "friend" started the fires to the assertion that it was he who actually started the fires and then back to the story of his friend.

Muncie Deputy Mayor Roy Hall, who also spent most of that day with Thacker, collaborated Stonebraker's testimony. In fact, Thacker admitted to Hall his guilt. Although given his *Miranda* rights several times, at no point did Thacker request a lawyer or refuse to talk openly but rather cooperated fully. On cross-examination, Hall told of how Thacker directed the officials to various locations of fires at which time Thacker would describe in detail as to which vehicle burned because flammables or papers were put in the gas tanks and which vehicles were burned because flammables were ignited under the hood.

Thacker's juvenile probation officer Carl Scheib testified that Thacker would frequently visit Scheib at the office. Whenever Scheib was too busy to devote attention to Thacker, Thacker would fabricate events to capture Scheib's attention. At one point, Thacker went through a two-week diagnostic testing at Indiana's Boys School, the results of which indicated that Thacker suffered from low self-esteem and had no family support or structure.

Dr. Mahannah's psychiatric evaluation, made pursuant to the trial court's request, provided in part:

I view Ricky Thacker at this time as being sociopathic with tendencies toward violent acts of all kinds. He has a constant need for excitement and extreme reaction. His tendencies for promoting extreme reaction appear to be toward violence and antisocial acts.

At no time in his history or in my examination do I find evidence that his thought process loses touch with reality, nor does it appear to be the result of an inability to separate fantasy from reality. I am aware that he has been at Richmond State Hospital; however, I am informed that the reason for being placed there was because of threats and violent demonstrations toward others. Again, I find no evidence of psychosis, but do find

evidence of violent behavior. His pattern of behavior has remained consistent throughout the information I have reviewed to the time of my examinations at Delaware County Jail where he currently resides....

As to whether or not he was out of contact with reality or insane at the time of the alleged incident, I am unable to say absolutely since I was not there. I feel that it is unlikely that his personality pattern has varied from that exposed to me within my interview. I see no evidence of delusions, hallucinations, or serious loss of contact with reality. I feel that the actions in question are behavioral or antisocial. I do not feel that the legal definition of insanity applies to Ricky Thacker. I feel that he has a sociopathic disorder which means that he has the ability to comprehend the nature of his acts.

Similar to this report was that of Dr. Yarling who added that Thacker's intellectual capacity borders between low normal and mildly retarded, although he is in touch with reality.

Our standard of review does not permit us to reweigh the evidence or redetermine the credibility of witnesses. We may only examine the record in order to determine that substantial, competent evidence supports the judgment. We find it does. At the heart of Thacker's motion to suppress is the argument that an effective, knowing, intelligent waiver of his constitutional rights is obliterated by his low intelligence and emotional and mental problems.

■ The record does not support Thacker's argument. Although psychiatric reports acknowledged his low mentality and disruptive behavior, those reports do not suggest any factor that would convince us that Thacker was not and could not be fully aware of the effect of a waiver of constitutional rights. Nor do we uncover evidence of coercion, abuse, or intimidation by the interrogating officers. Instead the record unequivocally shows that Thacker knew fully what constitutional rights he was waiving and what effect such a waiver

would play. Low mentality alone is not cause for excluding evidence but is one factor in the totality of circumstances to consider in determining whether such a waiver was freely and knowingly given. *Finchum v. State*, (1984) Ind.App., 463 N.E.2d 304. The question of voluntariness is one for the trial court. As a court of review, we review the question of the admissibility of a confession as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. This is true even though conflicting evidence is presented on the issue of voluntariness. *Long v. State*, (1981) Ind., 422 N.E.2d 284. The admissibility of a statement or confession is controlled by determining from the totality of circumstances whether or not the confession was given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Anderson v. State*, (1984) Ind., 466 N.E.2d 27; *Grassmyer v. State*, (1981) Ind., 429 N.E.2d 248; *Schutz v. State*, (1981) 275 Ind. 9, 413 N.E.2d 913. When viewed in toto, substantial evidence of probative value supports the trial court's decision to deny suppression.

■ For his second and third points of alleged error, Thacker challenges the qualifications of the State's expert witness, Ronald Lee Taylor and whether a corpus delecti was established as required by law prior to admission of a defendant's statements against interest. Appellate consideration is, however, waived because Thacker's Motion to Correct Errors speaks only in generalities, not specifics, a failure which results in a non-compliance with Ind.Rules of Procedure, Trial Rule 59(D)(2). Except for challenges to the sufficiency of the evidence or alleged errors of a fundamental nature, when a motion to correct errors fails to specifically set forth the contended facts or points of law with any specificity, the alleged error is not preserved for review. *Guardiola v. State*, (1978) 268 Ind. 404, 375 N.E.2d 1105; *Survance v. State*,

(1984) Ind., 465 N.E.2d 1076; *Ashford v. State*, (1984) Ind., 464 N.E.2d 1298.

■ For his final point, Thacker argues that there existed insufficient evidence to establish that the fire endangered human life. Again, in facing a challenge to the sufficiency of the evidence, the task of appellate review is to determine only that substantial evidence of probative value supports the judgment. *Collins v. State*, (1984) Ind., 464 N.E.2d 1286; *Galbraith v. State*, (1984) Ind.App., 468 N.E.2d 575. The record discloses that the fire was set in a pile of rubbish inside a garage just some seventy-five feet from the main house in a residential area. To say that this fire posed no eminent threat to spreading or enveloping the residential neighborhood, to say the least including the concerned crowd that had gathered by the time firemen arrived at the scene, or to the firemen themselves in fighting the blaze, goes against all reason. The fact the fire occurred in a residential area is alone sufficient to establish that human life was endangered. *Pedigo v. State*, (1982) Ind.App., 443 N.E.2d 347.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.