# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**P. STEPHEN MILLER**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Mar 26 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM BIGGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1308-CR-315 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1301-FC-8

**March 26, 2014**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Adam Bigger appeals his conviction and sentence for attempted robbery, a Class C felony. Ind. Code §§ 35-42-5-1 (1984), 35-41-5-1 (1977). We affirm.

## ISSUES

Bigger presents two issues for our review, which we restate as:

I.      Whether the State presented sufficient evidence to disprove Bigger's defense of abandonment.

II.     Whether Bigger's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict follow. On December 21, 2012, Bigger walked into a Chase Bank branch in Fort Wayne, approached one of the tellers, and handed her a note indicating he had a gun and demanding money. The teller told Bigger that she did not have the key for her cash drawer but that it was in her purse, and Bigger indicated that she could retrieve the key. Upon retrieving the key, the teller emerged with her hands in the air. At that time, Bigger began walking away from the teller window and out of the bank. The teller then pushed the alarm.

The State charged Bigger with attempted robbery, and, following a jury trial, he was found guilty as charged. The trial court sentenced Bigger to eight years. It is from this conviction and sentence that he now appeals.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

2

Bigger contends that the State's evidence was not sufficient to disprove his defense of abandonment. However, the State claims that Bigger has waived this issue on appeal because he did not raise the defense before or during his trial.

In response to the State's assertion of waiver, Bigger argues in his reply brief that the statute providing for the defense of abandonment does not require a formal pleading or notice of the defense. *See* Ind. Code § 35-41-3-10 (1977). Although we find no statutory or case law requirement that the defense of abandonment be formally pleaded, our review of this case discloses that the jury was not even aware that they could consider this defense. Bigger did nothing to reveal his intent to rely on the defense of abandonment in this case. He did not file any pleading asserting the defense of abandonment, he did not cross-examine the State's witnesses regarding evidence of his alleged abandonment, he did not mention his alleged abandonment in closing argument or any other time at trial, and he did not tender any final instructions on the defense of abandonment and the court gave none.

We deem necessary the assertion of the defense in some manner. Were it otherwise, the trier of fact would not know to consider the defense in its deliberations of a defendant's guilt, as was the case at Bigger's trial. *See Norton v. State*, 273 Ind. 635, 408 N.E.2d 514 (1980) (defendant tendered instruction on defense of abandonment); *Barnes v. State*, 269 Ind. 76, 378 N.E.2d 839 (1978) (defendant tendered instruction on abandonment); *Gravens v. State*, 836 N.E.2d 490 (Ind. Ct. App. 2005) (defendant filed notice of affirmative defense of abandonment prior to trial and tendered instruction on defense of abandonment at trial), *trans. denied*; *cf. Fearrin v. State*, 551 N.E.2d 472, 473

3

(Ind. Ct. App. 1990) (recognizing that formal pleading of defense of entrapment is not required but stating it is defendant's duty to affirmatively raise defense and reliance on defense may be revealed through cross-examination of State's witnesses), *trans. denied*; *Townsend v. State*, 418 N.E.2d 554, 558 (Ind. Ct. App. 1981) (holding that although defendant need not raise entrapment defense before trial, he must indicate at some point in proceedings his intention to rely upon defense).

Moreover, as a general rule, a party may not present an argument or issue to an appellate court unless the party raised the same argument or issue before the trial court. *Crafton v. State*, 821 N.E.2d 907, 912 (Ind. Ct. App. 2005). Here, we find no evidence that Bigger raised the issue of the defense of abandonment or indicated his intent to rely on the defense at the trial court level, and he points to none. Therefore, this issue is waived.

## II. SENTENCE

As his second allegation of error, Bigger claims that his eight-year sentence is inappropriate. We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). A defendant bears the burden of persuading the appellate court that his or her sentence has met the inappropriateness standard of review. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

To assess the appropriateness of the sentence, we look first to the statutory range established for the class of the offense. Here, the offense is a Class C felony, for which

the advisory sentence is four years, with a minimum sentence of two years and a maximum sentence of eight years. Ind. Code § 35-50-2-6 (2005).

Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, Bigger attempted to rob a bank by giving a teller a threatening note stating he had a gun and "nothing to lose." Tr. p. 94. The teller testified that the first thing she noticed on the note was the word "gun" and that she was "stunned," "shocked," and "scared" during the ordeal. *Id.* at 90-91.

With regard to the character of the offender, we observe that Bigger was only twenty-eight years old at the time of sentencing and already had amassed a notable criminal history. As a juvenile, he had three delinquency adjudications, all involving alcohol. As an adult, Bigger has accumulated eleven misdemeanor convictions, at least four of which involved drugs and/or alcohol. Moreover, three of the eleven misdemeanors were committed after the instant offense. Bigger also has one previous felony conviction involving drugs and has had his probation revoked at least once.

It is clear that numerous prior brushes with the law have proven ineffective to rehabilitate Bigger, and this offense is further proof that a longer period of incarceration is appropriate. Bigger has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review. *See Anglemyer*, 868 N.E.2d at 494.

## CONCLUSION

For the reasons stated, we conclude that Bigger waived the defense of abandonment by failing to raise it in the trial court. In addition, we conclude that

5

Bigger's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

MAY, J., and CRONE, J., concur.