## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 11 2016, 6:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Moberg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 11, 2016

Court of Appeals Case No.
79A02-1506-CR-630

Appeal from the Tippecanoe Superior Court

The Honorable Laura W. Zeman, Judge

Trial Court Cause No.
79D04-1311-FD-293

**Baker, Judge.**

[1] After he was convicted of class D felony possession of a controlled substance and class A misdemeanor possession of a synthetic drug, the trial court sentenced Christopher Moberg to a term of three years in the Tippecanoe County Community Corrections program. Moberg argues that this sentence is inappropriate in light of the nature of the offenses and his character. Finding that Moberg's sentence is not inappropriate, we affirm.

## Facts

[2] On November 26, 2013, in response to a report of an ongoing argument, Officer Landis of the Lafayette Police Department found Moberg and Kristen Arnett arguing in a parked vehicle. Officer Landis asked Moberg to step out of the vehicle and Moberg consented to a search of his person. During the search, Officer Landis discovered one bag containing Methylin pills, which often go by the name Ritalin, and another bag containing synthetic marijuana, also known as spice.

[3] On November 27, 2013, the State charged Moberg with class D felony possession of a controlled substance and class A misdemeanor possession of a synthetic drug. On April 2, 2015, a jury found Moberg guilty as charged. On May 14, 2015, the trial court sentenced Moberg to three years for the class D felony conviction and one year for the class A misdemeanor conviction. The trial court determined that these sentences would run concurrently, resulting in a total term of three years. The trial court also determined that Moberg would serve his term in the Tippecanoe County Community Corrections program,

provided he was accepted into the program and did not violate its rules. Moberg now appeals.

## Discussion and Decision

[4] Under Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

[5] When assessing the appropriateness of a sentence, we look first to the statutory range provided for the class of the offense. *Bigger v. State*, 5 N.E.3d 516, 518 (Ind. Ct. App. 2014). Here, Moberg was convicted of both a class D felony and a class A misdemeanor. Our criminal code provides that "[a] person who commits a Class D felony . . . shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½) years." Ind. Code § 35-50-2-7. The code also provides that "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year." I.C. § 35-50-3-2. In this case, the trial court chose to sentence Moberg to the maximum allowable term for each conviction and to run those terms concurrently.

[6] As to the nature of the offenses, Moberg claims that he suffers from Attention Deficit Hyperactivity Disorder (ADHD) and was merely trying to self-medicate.

While we acknowledge that Ritalin is commonly used to treat ADHD, this does not excuse the possession of such a drug absent a prescription. Moberg has failed to produce a prescription despite initially claiming that he had one. Furthermore, his assertion that he suffers from ADHD does nothing to excuse his possession of synthetic marijuana.

[7]     As to his character, Moberg argues that he has an excellent job and is current in his payment of child support. The trial court noted that these were indeed mitigating factors; however, it had to balance these factors against Moberg's extraordinarily lengthy criminal history. As a juvenile, Moberg was adjudicated a delinquent child ten times for offenses including theft, auto theft, and burglary. Appellee's Br. p. 11. As an adult, Moberg had amassed eight misdemeanor and six felony convictions prior to the convictions at issue here. *Id.* at 11-12. Such a significant criminal history shows a complete lack of respect for the law on Moberg's part and a consequent need for reform.

[8]     We also note that Moberg has been ordered to serve his sentence in Tippecanoe County Community Corrections, which may provide him with the opportunity for work release. As we "may consider all aspects of the penal consequences" when reviewing a sentence under Rule 7(B), we cannot overlook the fact that a sentence served in community corrections is far more lenient than a sentence served in the Department of Correction. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Accordingly, we do not find Moberg's sentence inappropriate in light of the nature of the offenses and his character.

The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.