## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2016, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Walsh,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 16, 2016

Court of Appeals Case No.
42A05-1511-CR-1958

Appeal from the Knox Superior Court

The Honorable Ryan Johanningsmeier, Judge

Trial Court Cause No.
42D02-1503-CM-300

**Bradford, Judge.**

# Case Summary

On February 6, 2015, Appellant-Defendant Justin Walsh was a passenger in a vehicle which was stopped for speeding. Upon approaching the vehicle, the officer who initiated the traffic stop noticed that Walsh was not wearing his safety belt. Intending to cite Walsh for his failure to wear his safety belt, the officer made numerous requests for Walsh's identification. Walsh denied each of these requests. Walsh was subsequently charged with and convicted of Class C misdemeanor failure to provide identifying information. Walsh challenges this conviction on appeal. We affirm.

## Facts and Procedural History

At approximately 5 p.m. on February 6, 2015, Indiana State Trooper Brad Mull was driving southbound on US 41 in Knox County when he observed a black Chevrolet Cruz approaching at what appeared to be a high rate of speed. Trooper Mull activated his "front-facing" radar and observed that the vehicle was traveling at a rate of eighty-one miles per hour. The posted speed limit along that stretch of US 41 was sixty miles per hour. After determining that the vehicle was traveling in excess of the posted speed limit, Trooper Mull turned around and initiated a traffic stop.

Upon approaching the vehicle, Trooper Mull observed that Walsh, who was sitting in the left rear passenger seat, was not wearing a seat belt. Trooper Mull notified the driver of the vehicle why he had initiated the stop and the driver provided Trooper Mull with the requested identification documents.

[4] Trooper Mull, intending to cite Walsh for failing to wear his seatbelt, then attempted to engage Walsh in a conversation. Trooper Mull asked Walsh for his identification. Walsh responded by shaking "his head no." Tr. p. 11. Trooper Mull asked a second time for his identification. Walsh responded "no." Tr. p. 11. Trooper Mull then "handed [his] pad of paper and pen to [Walsh and requested that he] write down his name and date of birth on the note pad." Tr. p. 11. Walsh responded, "f[***] you, I don't have to give you s[***]. I know my f[***]ing Fourth Amendment rights." Tr. pp. 11-12. After Trooper Mull asked Walsh for his identification for a fourth time, Walsh asked "why." Tr. p. 12. Trooper Mull responded that he needed Walsh's identification "because [Walsh was] not wearing a seat belt." Tr. p. 12. Walsh responded, "f[***] that. I don't have to give you s[***]. I know my Fifth Amendment rights." Tr. p. 12.

[5] At that point, Trooper Mull requested assistance from the Knox County Sheriff's Department and instructed Walsh to exit the vehicle. Walsh responded that he knew his "Sixth Amendment rights and [that he did not] have to … do anything." Tr. p. 12. Trooper Mull then reached inside the door and unlocked and opened the door. Trooper Mull described what happened next as follows:

> [I] grabbed [Walsh] by the arm and tried to pull him out of the [vehicle]. [Walsh] ripped his arm away from my grasp. He exited the [vehicle] and squared his body up, as if to fight me. He stood tall, puffed out his chest and clenched his fists. I felt threatened. I told him to put his hands behind his back. I grabbed his hand and assisted Walsh in placing his hand behind

his back. He screamed, you are violating my Constitutional rights. I placed him in the handcuffs and double locked for my safety.

Tr. pp. 12-13. Walsh was subsequently taken into police custody.

[6] On March 8, 2015, Appellee-Plaintiff the State of Indiana ("the State") charged Walsh with Class C misdemeanor refusal to identify oneself. Following a bench trial, Walsh was found guilty and was sentenced to sixty days of home monitoring and six months of supervised probation. On August 27, 2015, Walsh filed a motion to correct error. The trial court subsequently granted Walsh's motion and re-sentenced him to sixty days suspended to formal probation which was to be served on home monitoring. This appeal follows.

# Discussion and Decision

[7] Walsh contends that his conviction should be reversed because his actions do not fall within the purview of Indiana Code section 34-28-5-3.5, *i.e.*, the "refusal to provide identification information" statute, and, as such, his actions do not constitute a criminal offense. The State, for its part, argues that Walsh has waived this issue for appellate review because he did not raise it before the trial court. We agree with the State.

[8] As a general rule, a party may not present an argument or issue to an appellate court unless the party raised the same argument or issue before the trial court. *Bigger v. State*, 5 N.E.3d 516, 518 (Ind. Ct. App. 2014) (citing *Crafton v. State*, 821 N.E.2d 907, 912 (Ind. Ct. App. 2005)), *trans. denied*. "Specific grounds for

an objection must be stated in order to preserve the issue for appellate review." *Wells v. State*, 441 N.E.2d 458, 463 (Ind. 1982) (citing *Brown v. State*, 417 N.E.2d 333, 337 (Ind. 1981)). "Error can only be predicated on questions presented to and ruled upon by the trial court." *Id.* (citing *Rogers v. State*, 396 N.E.2d 348, 353 (Ind. 1979)).

[9]     Indiana Code section 35-34-1-4(a)(5) provides that a trial court may, upon motion of the defendant, dismiss the indictment or charging information upon a showing that the facts stated therein do not constitute an offense. Indiana Code section 35-34-1-4(b) further provides that a motion to dismiss filed under this section shall be made no later than ten days prior to the omnibus date if the defendant is charged with "one (1) or more misdemeanors" and that a motion made thereafter with respect to subsection (a)(5) "may summarily be denied." In *Brown v. State*, 442 N.E.2d 1109, 1114 (Ind. 1982), the Indiana Supreme Court explained that

> It is well established in Indiana that a challenge to the sufficiency of an indictment or information is governed by statutory provisions and must be made by a motion to dismiss prior to arraignment and plea or any error in this regard is waived. We have explained the reasons for this rule:
>> "If the indictment is defective there will be an opportunity to amend before trial, and expense and time-consuming efforts in a trial will thus not be lost. Another sound reason for such a rule is that a party should be required to promptly raise error in the trial court at the time it occurs rather than remain silent, hoping for an acquittal, and if that does not occur, then raise the question of error for the first time."

(Internal citations omitted, quoting *Brown v. State*, 254 Ind. 504, 506-07, 260 N.E.2d 876, 877 (1970)).

[10] In *Galbraith v. State*, 468 N.E.2d 575, 578 (Ind. Ct. App. 1984), the defendant challenged his conviction on appeal by arguing that the facts alleged in the information did not constitute an offense. We concluded, however, that the defendant had waived the appellate challenge because he had failed to raise it before the trial court. *Id*. Similarly, here, the record demonstrates that Walsh did not seek dismissal of the charges or raise any challenge to the charging information before or during trial. Pursuant to the clear language of Indiana Code section 35-34-1-4 and the Indiana Supreme Court's decision in *Brown*, we conclude that Walsh has therefore waived the instant challenge on appeal. This conclusion is consistent with our conclusion in *Galbraith*.

[11] Furthermore, to the extent that Walsh's arguments on appeal can be interpreted as a challenge to the sufficiency of the evidence to sustain his conviction, such a challenge is without merit.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence

> overcome every reasonable hypothesis of innocence. The
> evidence is sufficient if an inference may reasonably be drawn
> from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[12] In order to convict Walsh of Class C misdemeanor refusal to provide identification information, the State was required to prove that he knowingly or intentionally refused "to provide either [his]: (1) name, address, and date of birth; or (2) driver's license, if in [his] possession; to a law enforcement officer who ha[d] stopped [him] for an infraction or ordinance violation." Ind. Code § 34-28-5-3.5. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 34-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b).

[13] It is a Class D traffic infraction if any occupant of a motor vehicle fails to wear a safety belt. *See* Ind. Code §§ 9-19-10-2 and 9-19-10-8. The record reveals that Trooper Mull made numerous requests for Walsh's identification information after observing that Walsh was not wearing his safety belt while riding as a

passenger in a vehicle that Trooper Mull had stopped for speeding. Walsh refused each of these requests. Walsh continued to refuse to provide his identification information after being told by Trooper Mull why he had requested the information, *i.e.*, that he intended to cite Walsh for failure to wear his safety belt. This evidence is sufficient to sustain the trial court's guilty finding.

[14] Furthermore, to the extent that Walsh claims that he only removed his safety belt after Trooper Mull had pulled the vehicle over, the trial court was under no obligation to believe Walsh's claims. *See McCullough v. State*, 985 N.E.2d 1135, 1139 (Ind. Ct. App. 2013) (providing that the trier of fact was under no obligation to credit defendant's version of the events in question as evidence that he acted without fault or that his actions were reasonable). Walsh's challenge to the sufficiency of the evidence amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

[15] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.