**Brian RINGHAM, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–0112–CR–642.

Supreme Court of Indiana.

May 29, 2002.

Robert W. Hammerle, Joseph M. Cleary, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**ON PETITION FOR TRANSFER**

BOEHM, Justice.

Brian Ringham was convicted of rape as a Class A felony. The Court of Appeals reversed his conviction and remanded the cause for a new trial because (1) the Master . Commissioner improperly presided over Ringham's trial, and (2) the trial court

committed fundamental error when it failed to instruct the jury that the State had the burden of disproving Ringham's mistake of fact defense. We affirm the judgment of the trial court.

## Factual and Procedural Background

Ringham was introduced to the victim, C.C., at a private party at a nightclub in downtown Indianapolis. Ringham worked at the club, but was off duty that evening. After C.C. and Ringham talked and danced for about an hour, Ringham offered a tour of the closed areas of the club and C.C. agreed. Ringham spoke with an on-duty employee, then led C.C. up the stairway. After exploring the second floor where a new bar was being constructed, Ringham and C.C. continued to the fourth floor, where a variety of construction materials and discarded building fixtures were stored.

Ringham kissed C.C., who initially did not object to his advances, but resisted when Ringham raised her skirt. After forcibly restraining C.C. despite her repeated requests to return to the first floor, ultimately Ringham raped C.C., at one point placing his arm over the top of her head and threatening to break her neck if she was not quiet. When Ringham finally released C.C., she left the club by a back door, ran to her car and immediately drove to a hospital where she reported the rape.

Indianapolis Police Detective Lawrence Cahill was dispatched to the hospital and interviewed C.C. there. Later the next day, Cahill went to the nightclub and interviewed Ringham. Ringham voluntarily gave a statement, claiming that he and a woman whose name he could not remember had engaged in consensual intercourse at the club the night before. Ringham was subsequently charged with one count of rape as a Class A felony.

On April 17, 2000, Judge Tanya Walton Pratt handled some preliminary matters prior to the commencement of Ringham's trial. A brief recess was ordered, and when the court reconvened Judge Pratt was occupied by administrative duties related to an upcoming death penalty trial. Judge Pratt executed an "Appointment of Attorney as Judge Pro Tempore" form to permit Master Commissioner Alex Murphy to preside over the trial. The papers appointing Judge Murphy were "placed" in the Marion County Clerk's order book, but were not included in Ringham's court file.[1] The entry in the Chronological Case Summary ("CCS") for April 17 described the "JUDGE" as "44214 PRATT TANYA W" and the entry for April 18 described the "JUDGE" as "49420 MURPHY ALEX TYPE: Pro Tem."

A preliminary hearing was convened on April 17, and Judge Murphy took the bench, stating that the "commissioner" was empowered to continue the proceedings. Ringham objected, stating that earlier rulings in the case by Judge Murphy as Master Commissioner led him to conclude that Judge Murphy was biased against him. Ringham asked "that the regular sitting judge be the individual to

---

1. The order book is not in the record. At the hearing on remand, Judge Pratt made the following findings of fact:
 2. Judge Pratt executed Appointment of Attorney as Judge Pro Tempore papers, to allow Master Commissioner Alex Murphy to preside over defendant's trial as judge pro tempore. Judge Pro Tempore Murphy then presided over defendant's trial until its conclusion on April 18, 2000.
 3. As done in the regular course of business, the documents appointing Murphy as judge pro tempore were placed in the Marion County Clerk's order book.
 4. These documents were intended to be a part of defendant's record of proceedings, however the Marion County deputy clerk failed to include the pro tempore papers in the record of proceedings.

hear the case." Judge Murphy overruled Ringham's objection and presided over the remainder of the preliminary hearing and the trial.

At the conclusion of the trial, Ringham tendered a mistake of fact jury instruction. Without objection from Ringham, the trial court modified the instruction to mirror Indiana Code section 35–41–3–7, and instructed the jury that "[i]t is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact if the mistake negates the culpability required for the commission of the offense." The trial court separately instructed the jury on the elements of the crime, that the State was required to prove the elements of the crime, including intent, beyond a reasonable doubt, and that if the State failed to do so the jury should find Ringham not guilty. The court also instructed the jury that Ringham was not required "to present any evidence to prove his innocence or to prove or explain anything." The jury found Ringham guilty, and at a subsequent hearing Judge Murphy sentenced Ringham to the presumptive sentence of thirty years, with ten years suspended and probation for five years.

Ringham appealed, contending that Judge Murphy (1) improperly presided over the trial, (2) erred in admitting C.C.'s prior consistent statement, and (3) committed fundamental error by failing to instruct the jury that the State had the burden of disproving Ringham's mistake of fact defense. In support of his argument that Judge Murphy improperly presided over the trial, Ringham filed the record of proceedings (now known as the Record on Appeal) from the trial court, which did not contain the papers appointing Judge Murphy. The State requested and received permission to file a supplemental record containing the appointment papers. Ringham asked the Court of Appeals to reconsider the grant of the State's request, and because of the confusion over Judge Murphy's appointment, the Court of Appeals remanded to the trial court to make findings on the propriety of the appointment. Judge Pratt presided over an evidentiary hearing and concluded that Judge Murphy had been validly appointed as a judge pro tempore. Ringham renewed his appeal and the Court of Appeals reversed his conviction, holding that Judge Murphy had improperly presided over the trial. *Ringham v. State*, 753 N.E.2d 29, 34 (Ind.Ct. App.2001). The court held that because Judge Murphy stated he was sitting as "commissioner"—rather than as judge pro tempore—and because the papers appointing him were not notarized, file stamped and recorded in the trial court's CCS for April 17, on that date Judge Murphy was presiding not as a properly appointed judge pro tempore, but in the capacity of Master Commissioner. *Id.* Accordingly, when Ringham objected, Judge Murphy was required by Indiana Code sections 33–5.1–2–11(e) and 27(d) to transfer the proceedings back to Judge Pratt. *Id.* at 34–35. The Court of Appeals also held that the trial court committed fundamental error when it failed to instruct the jury that the State had the burden of disproving Ringham's mistake of fact defense. *Id.* at 38. This Court granted transfer.

## I. Appointment of the Judge Pro Tempore

 The State argues that the Court of Appeals erroneously overruled Judge Pratt's finding that Judge Murphy was validly appointed judge pro tempore, and that in any case Ringham waived the issue because he objected to Judge Murphy on the basis of bias, not because of any flaw in Murphy's appointment. We do not agree that the issued was waived. The State is correct that failure to object at trial to a judge pro tempore's authority to preside over the proceedings generally waives the

issue for appellate review. *Coleman v. State,* 694 N.E.2d 269, 277 (Ind.1998); *Floyd v. State,* 650 N.E.2d 28, 32 (Ind. 1994). It is also true that a litigant may not raise one ground for objection at trial and a different ground for objection on appeal. *Lehman v. State,* 730 N.E.2d 701, 703 (Ind.2000). However, in this case Judge Murphy stated that he was acting as a "commissioner," rather than judge pro tempore, and at the time of his objection Ringham had no means of knowing that Judge Murphy was sitting as judge pro tempore. An issue cannot be waived before it is presented on the record. *See Smith v. Convenience Store Distrib. Co.,* 583 N.E.2d 735, 739 (Ind.1992) (error arising from trial judge's ex parte communication with jury not waived by plaintiff's failure to object prior to verdict where record did not show that plaintiff had knowledge of communication prior to verdict).

Indiana Code section 33–5.1–2–27(d) provides: "A party to a superior court proceeding that has been assigned to a magistrate ... may request that an elected judge ... preside over the proceeding instead of the magistrate.... Upon a request made ... by either party, the magistrate ... shall transfer the proceeding back to the superior court judge." Ringham contends that, if Judge Murphy was sitting as a commissioner, this section required him to transfer the proceedings back to Judge Pratt when Ringham objected to his presiding. We need not resolve this claim because we do not agree that Judge Murphy was sitting as a commissioner. In the hearing on remand Judge Pratt entered findings of fact, including a finding that Appointment of Attorney as Judge Pro Tempore papers were executed and placed, "[a]s done in the regular course of business," in the Marion County Clerk's order book. The court concluded as a matter of law that although the deputy clerk failed to include these papers in Ringham's record of proceedings, file stamp them, and record them in the trial court's CCS on April 17, the papers were nevertheless "properly executed and were intended to be in defendant's record of proceedings," and that accordingly Judge Murphy was validly appointed. The trial court transmitted its findings of fact and conclusion of law, along with the appointment papers, to the Court of Appeals, which added them to the Record on Appeal.

■ The Court of Appeals concluded that because Judge Murphy stated he was sitting as "commissioner" rather than as judge pro tempore, and because the papers appointing him were not notarized, file stamped and recorded in the trial court's CCS for April 17, on that date Judge Murphy was presiding not as a properly appointed judge pro tempore, but in the capacity of Master Commissioner. *Ringham,* 753 N.E.2d at 34. Trial Rule 63(E), which governs the appointment of a judge pro tempore, states in pertinent part that "[a] judge who is unable to attend and preside at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court during his absence. The written appointment shall be entered in the records of the court." Although we agree that notarizing, file stamping, and contemporaneously noting appointment papers in the CCS is desirable and would minimize the risk of the type of confusion that arose in this case, we do not believe reversible error occurred by reason of these irregularities. Although Rule 63(E) requires the written appointment to be entered of record, there is no explicit requirement as to the timing of that entry. Judge Pratt found that the appointment was in fact made on April 17, and that finding is not clearly erroneous. Indeed, it seems clearly correct.

■ Here, the propriety of Judge Murphy's appointment did not become an issue until Ringham's initial appeal. When the Court of Appeals realized that the Record

on Appeal was incomplete, it remanded to the trial court for findings. The trial court held an evidentiary hearing, then transmitted its findings of fact and conclusion of law, along with the appointment papers, to the Court of Appeals, which added them to the Record on Appeal. This is exactly what Indiana Appellate Rule 32 requires.[2] Under these circumstances, supplementing the record pursuant to Appellate Rule 32 was sufficient to establish compliance with Trial Rule 63(E). Finally, although Judge Murphy referred to himself as "commissioner" when he explained Judge Pratt's absence to the parties, a judge's status is determined by an examination of the record, not the judge's self-description. *Dearman v. State*, 632 N.E.2d 1156, 1159 (Ind.Ct.App.1994), *trans. denied.* As explained above, the trial court record, as supplemented, shows that Judge Murphy was validly appointed judge pro tempore.

## II. Jury Instructions

■ Ringham tendered a mistake of fact jury instruction. Without objection from Ringham, the trial court modified the instruction to mirror Indiana Code section 35–41–3–7, and instructed the jury that "[i]t is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact if the mistake negates the culpability required for the commission of the offense." The trial court separately instructed the jury on the elements of the crime, that the State was required to prove the elements of the crime, including intent, beyond a reasonable doubt, and that if the State failed to do so the jury should find Ringham not guilty. The court also instructed the jury that Ringham was not required "to present any evidence to prove his innocence or to prove or explain anything."

On appeal, Ringham contended the trial court committed fundamental error when it failed to instruct the jury that the State had the burden of disproving Ringham's mistake of fact defense. The Court of Appeals agreed, because "[w]ithout such an instruction the jury was free to believe that the State had no burden." *Ringham*, 753 N.E.2d at 38. We do not agree.

■ It is true that the State retains the ultimate burden of disproving a mistake of fact defense beyond a reasonable doubt. *Nordstrom v. State*, 627 N.E.2d 1380, 1383 (Ind.Ct.App.1994), *trans. denied.* Nevertheless, when this Court considers a claim of fundamental error, we look to the jury instructions as a whole to determine if they were adequate. *Turner v. State*, 682 N.E.2d 491, 497 (Ind.1997). We addressed a factually similar issue in *Harlan v. State*, 479 N.E.2d 569 (Ind. 1985). There, the trial court refused to instruct the jury that the State had the burden of disproving the defendant's claim of self-defense. *Id.* at 571. We held that when the jury was instructed on the State's burden to prove all the elements of the crime beyond a reasonable doubt, and on the elements of self-defense, "[n]o separate instruction regarding the burden of proof upon the issue of self-defense was necessary." *Id.* Here, the trial court instructed the jury on the elements of the crime, the State's burden of proving those elements beyond a reasonable doubt, and Ringham's mistake of fact defense, and explained that Ringham did not have to explain or prove anything. Accordingly, we do not believe the trial court's failure to specifically instruct the jury on the State's burden to disprove Ringham's mistake of fact defense might have led the jury to

**2.** Rule 32, the rough equivalent of former rule 7.2(C)(2), provides that if a disagreement arises as to whether the Record on Appeal accurately discloses what occurred in the trial court, the trial court shall issue an order either confirming the disputed record or correcting it.

believe the State had no burden. There was no error.

**Conclusion**

Pursuant to Indiana Appellate Rule 58(A)(2), we summarily affirm the Court of Appeals' finding that the trial court did not err when it admitted into evidence C.C.'s prior consistent statement. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.