**Frank W. CRAFTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 03A01–0406–CR–244.

Court of Appeals of Indiana.

Feb. 4, 2005.

Jeffrey B. Jackson, The Jackson Law Office, Columbus, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Maureen Ann Bartolo, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF CASE

Appellant–Defendant, Frank W. Crafton (Crafton), appeals his convictions for Count I, intimidation, a Class D felony, Ind.Code § 35–45–2–1(b)(1)(A); Count II, intimidation, a Class A misdemeanor, I.C. § 35–45–2–1(a)(1); Count III, battery, a Class B misdemeanor, I.C. § 35–42–2–1(a); and Count IV, pointing a firearm, a Class A misdemeanor, I.C. § 35–47–4–3(b).

We affirm.

### ISSUE

Crafton raises one issue on appeal, which we restate as follows: whether testimony of Crafton pushing Vickie Shanks (Shanks) out of a moving vehicle was properly admitted by the trial court.

### FACTS AND PROCEDURAL HISTORY

On the evening of August 19, 2003, Shanks visited Crafton at their jointly owned residence (the residence) in Bartholomew County, Indiana, to discuss their relationship problems. Shanks and Crafton were engaged to be married, however, Shanks had recently moved out of the residence due to Crafton's alleged verbal abuse and drinking problem. While at the residence, Shanks attempted to call her daughter Kim Joslin (Kim) to let her know that she would be visiting with Crafton a little longer. However, because of a bad phone connection, the conversations between Shanks and Kim kept getting cut short. Worried that her mother might be in danger, Kim and her husband Josh Joslin (Josh) drove to the residence to check on Shanks. Upon arrival at the residence, Josh stayed in the car while Kim proceeded to the front door. When Kim walked through the front door into the living room, Crafton immediately stopped her by pointing a gun between her shoulder and head. Crafton lowered the gun when Shanks walked into the living room, but Crafton then lunged toward and grabbed Kim, telling her that he was going to kick her ass if she did not leave.

Because Josh felt that Kim had been gone too long, he got out of his car and walked towards the front door. As Josh was approaching the front door he saw Crafton push Kim. Josh then entered the residence and Crafton said that he was going to kick Josh's ass if he did not leave. Josh left the residence, walked to his car and called the police. While Josh was on the phone, Crafton walked outside holding a handgun and threatened to kill him. Shanks then walked outside and asked Crafton to get back inside the residence. Shortly thereafter, Kim, Josh, and Shanks all left the residence in Josh's car.

On August 21, 2003, the State filed an information, charging Crafton with Count I, intimidation, a Class D felony, I.C. § 35–45–2–1(b)(1)(A); Count II, intimidation, a Class A misdemeanor, I.C. § 35–45–2–

1(a)(1); and Count III, battery, a Class B misdemeanor, I.C. § 35–42–2–1(a). On March 22, 2004, the State amended its charging information to add Count IV, pointing a firearm, a Class A misdemeanor, I.C. § 35–47–4–3(b). On March 30, 2004, the trial court granted Crafton's motion in limine excluding evidence of his prior convictions; however, the trial court denied Crafton's motion in limine excluding other misconduct evidence. On the same day, a jury trial was held. At the close of the evidence, the jury returned a verdict of guilty on all Counts. On April 20, 2004, following the sentencing hearing, the trial court sentenced Crafton to the Department of Correction for three years, with one year suspended, for Count I. The trial court also sentenced Crafton to one year, all suspended, for Count II; 180 days, none suspended, for Count III; and one year, all suspended, for Count IV. The trial court ordered the sentences to be served consecutively.

Crafton now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Crafton contends that it was improper for the trial court to admit evidence of his prior uncharged misconduct. Specifically, Crafton asserts that evidence of him pushing Shanks out of a moving car, which is prior and unrelated to the instant offenses, highly prejudiced the jury while not providing any probative value.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Iqbal v. State,* 805 N.E.2d 401, 406 (Ind.Ct.App.2004). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* However, if a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if

"the error is inconsistent with substantial justice" or if "a substantial right of the party is affected." *Id.* (quoting *Timberlake v. State,* 690 N.E.2d 243, 255 (Ind. 1997)). Any error caused by the admission of evidence is harmless error for which we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted. *Iqbal,* 805 N.E.2d at 406.

Indiana Evidence Rule 404(b) provides, in pertinent part, that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

This rule is "designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities, the so-called 'forbidden inference.' " *Id.* (quoting *Hicks v. State,* 690 N.E.2d 215, 218–19 (Ind.1997)). Thus, in assessing the admissibility of evidence under Ind. Evidence Rule 404(b), the trial court must: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Hicks,* 690 N.E.2d at 221. To determine whether the trial court abused its discretion, we employ the same test. *See id.* at 221–23. In addition, otherwise inadmissible evidence may become admissible where the defendant "opens the door" to questioning on that evidence. *Jackson v. State,* 728 N.E.2d 147, 152 (Ind.2000). However, "the evidence relied upon to 'open the door' must leave the trier of fact with a

false or misleading impression of the facts related." *Id.* (quoting *Gilliam v. State*, 270 Ind. 71, 383 N.E.2d 297, 301 (1978)).

■ In the instant case, after Crafton had testified, the trial court asked if the jurors had any questions regarding Crafton's testimony. The jury submitted written questions to the trial court, which the trial court read to the State and Crafton outside the presence of the jury. The trial court then asked the State and Crafton if they had any objections to the written questions submitted by the jury. The record reveals that after no objections were made, the trial court read the following question to Crafton:

> COURT: [Have] there been previous occurrences of domestic disputes with this family?
>
> [CRAFTON]: With Josh and I, yes. I cannot prove it, but he sugared the gas tanks on my vehicles because we had words over the way he was treating Kim and my granddaughter and I didn't approve it.

(Transcript p. 202). At the conclusion of Crafton's answer to the juror's question, the State asked the trial court for a sidebar conference. During the sidebar, the following exchange occurred:

> [STATE]: ... I have evidence of a domestic dispute that occurred a few months ago in Brown County and I have evidence of [Crafton] pulling a knife on [Josh] and I think they both fall in now because [Crafton] did not object to the question.
>
> COURT: I think so. What do you think of that?
>
> [CRAFTON]: I just, I'd object to it as a prior bad act. [Crafton] in probative value would be outweighed by prejudice....

> COURT: Okay. Well, I think the door's been opened, so I think those, those things can come in now.

(Tr. pp. 203–04).

The record then supports that after the trial court agreed to allow the introduction of other misconduct evidence, the State reexamined Josh and Shanks. During reexamination, both Josh and Shanks testified that while Crafton was driving drunk he tried to push Shanks out of his vehicle, which was moving between twenty to thirty miles per hour. Although evidence of a prior bad act is generally not admissible under Ind. Evid. R. 404(b), "otherwise inadmissible evidence may become admissible where the defendant 'opens the door' to questioning on that evidence." *Jackson v. State*, 728 N.E.2d 147, 152 (Ind.2000). In *Gilliam v. State*, 270 Ind. 71, 383 N.E.2d 297, 301 (1978), our supreme court held that "the evidence relied upon to 'open the door' must leave the trier of fact with a false or misleading impression of the facts related." In the instant case, after Crafton failed to object to the question submitted by the jury, he testified that the only other instance of a domestic dispute between him and his family was when Josh allegedly put sugar in his gas tanks. Crafton's answer to the question gave the jury the impression that the only other instance of a domestic dispute between him and his family was when he was the victim. Because the door had been opened by Crafton's failure to object to the jury question, and by presenting a false impression, the trial court properly allowed the State to rebut Crafton's misleading response by admitting evidence of his prior misconduct. *See id.* Therefore, we find that evidence of Crafton trying to push Shanks out of a moving vehicle was relevant to rebut his misleading suggestion that the only other domestic dispute between Crafton and his family was when he was the victim, and thus, the trial court did

not abuse its discretion. Nevertheless, even if it was error for the trial court to admit evidence of Crafton's prior misconduct, we find such error to be harmless because the evidence is cumulative of other evidence appropriately admitted. *Iqbal*, 805 N.E.2d at 406.

 Lastly, Crafton asserts that it was error for the trial court to admit new evidence after Crafton's response to the jury question because Indiana Jury Rule 20 does not provide any evidentiary procedures to be followed after the submission of a juror's question. However, Crafton failed to address this argument to the trial court. As a general rule, a party may not present an argument or issue to an appellate court unless the party raised the same argument or issue before the trial court. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 47 (Ind.Ct. App.2004). Consequently, since Crafton did not raise this issue to the trial court, it is now waived for our review. *Id.*

### CONCLUSION

Based on the foregoing, we find that the trial court did not abuse its discretion in admitting evidence of Crafton's prior misconduct and that Crafton's Indiana Jury Rule 20 argument is waived.

Affirmed.

CRONE, J., and ROBB, J., concur.