**Preston D. STRINGER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A05–0603–CR–151.**

Court of Appeals of Indiana.

Sept. 8, 2006.

---

Monty B. Arvin, Deputy Public Defender, Kokomo, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Preston Stringer (Stringer), appeals his convictions of Count I, possession of cocaine, as a Class B felony, Ind.Code § 35–48–4–6; Count II, pos-

session of a controlled substance, as a Class C felony, I.C. § 35–48–4–7; and Count IV, resisting law enforcement, as a Class A misdemeanor, I.C. § 35–44–3–3.

We vacate and remand with instructions.

### ISSUES

Stringer raises four issues on appeal, of which we only find the following two issues dispositive:

(1) Whether the trial court properly denied Stringer's Motion in Limine and admitted evidence that upon being apprehended, Stringer possessed a gun and admitted to police officers that he had fired the gun shortly before his arrest; and

(2) Whether the trial court properly refused to instruct the jury on the defenses available under I.C. § 35–48–4–16.

### FACTS AND PROCEDURAL HISTORY

On January 8, 2004, police officers from the Drug Task Force were conducting surveillance for drug trafficking and other unlawful activity in Kokomo, Indiana. At approximately 8:00 p.m. that evening, the Kokomo police officers received dispatches indicating that gunshots had been fired in the area and that a possible suspect was running north on Purdum Street. Kokomo police officer, Bruce Rood (Officer Rood), located the suspect, later identified as Stringer, and waited for back-up assistance before identifying himself and asking Stringer to stop. Stringer ignored Officer Rood's request and ran in a southeasterly direction along a set of railroad tracks. Stringer was eventually apprehended approximately two hundred feet from a public park. Upon his arrest, Stringer notified the police officers that he had the controlled substance, Xanax, in one of his pockets. Subsequently, the police officers

recovered pills from Stringer, which proved to be Xanax. Stringer also told the police officers that he had a gun, which he had fired at someone earlier that evening in retaliation for a previous encounter; thereafter, the police officers found a loaded .32 caliber handgun in Stringer's right coat pocket. Additionally, the police officers recovered individually wrapped amounts of a white substance, totaling 1.69 grams, which later tested positive for a crack cocaine base.

On January 9, 2004, the State filed an Information charging Stringer with Count I, possession of cocaine, as a Class B felony, I.C. § 35-48-4-6(a) and (b)(2); Count II, possession of a controlled substance, as a Class C felony, I.C. § 35-48-4-7(a); Count III, carrying a handgun without a license, as a Class C felony, I.C. §§ 35-47-2-1 and 35-47-2-23(c)(1); and Count IV, resisting law enforcement, as a Class A misdemeanor, I.C. § 35-44-3-3(a)(1). On July 11, 2005, the State filed a motion to dismiss Count III, which was granted by the trial court.

On the morning of November 1, 2005, prior to the commencement of the trial, Stringer filed a Motion In Limine requesting that the trial court not allow the State to admit any evidence of his possession of a handgun or any statement he made regarding firing the handgun on the night of his arrest. The trial court held a hearing on this motion, denied the motion, and then proceeded to begin the jury trial. During the course of the trial, Stringer raised a continuing objection to such evidence, however the trial court admitted the challenged evidence. Also on November 1, 2005, following the close of the evidence, Stringer submitted a proposed jury instruction involving the defense to the enhancements for being in, on, or within a thousand feet of a public park; howev-er, the trial court refused to give the tendered instruction.[1] The jury convicted Stringer on all three charges. On February 16, 2006, the trial court sentenced Stringer to twenty years for his conviction of possession of cocaine, as a Class B felony, four years for his conviction of possession of a controlled substance, as a Class C felony, and one year for his conviction of resisting law enforcement, as a Class A misdemeanor. Furthermore, the trial court ordered that Stringer serve these sentences consecutively; thus, Stringer was sentenced to an aggregate of twenty-five years.

Stringer now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION
### I. *Admission of Evidence*

■ First, we address Stringer's argument that the trial court improperly denied his Motion In Limine and allowed the State to admit evidence that Stringer possessed a gun at the time of his arrest and that he had fired shots at someone that evening. Specifically, Stringer asserts that this evidence was not relevant to the charges against him, and that the prejudice created by the evidence outweighed any probative value of such evidence.

■ We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Crafton v. State*, 821 N.E.2d 907, 910 (Ind.Ct.App.2005). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* However, if a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if "the error is inconsistent with substantial justice" or if "a substantial right of the party is affected."

---

1. *See* I.C. § 35-48-4-16.

*Id.* (quoting *Timberlake v. State,* 690 N.E.2d 243, 255 (Ind.1997), *reh'g denied, cert. denied* ). To determine whether an error in the introduction of evidence affected a defendant's substantial rights, we must consider the probable impact of that evidence upon the jury. *Collins v. State,* 835 N.E.2d 1010, 1016 (Ind.Ct.App.2005). The question is not whether there is sufficient evidence to support the conviction absent the erroneously admitted evidence, but whether the evidence was likely to have had a prejudicial impact on the jury. *Id.* Nevertheless, any error caused by the admission of evidence is harmless error for which we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence properly admitted. *Crafton,* 821 N.E.2d at 910.

In Stringer's case, the record reveals that Kokomo Police Officer, Jeff McKay (Officer McKay), testified at the trial that before he searched Stringer, Stringer "indicated that he had a gun in his pocket." (Tr. p. 29). Over Stringer's continuing objection, Officer McKay went on to testify that Stringer told him "he had been shooting at somebody on Taylor Street because they had previously shot at him." (Tr. p. 30). The State argues that this evidence was relevant because, although possessing a gun and firing a gun are not charged offenses, those facts relate to the charged offenses by substantiating the police officers' version of events, *i.e.* the police officers received a dispatch informing them that gunshots had been fired, and then proceeded to locate, pursue, and apprehend Stringer in that area.

■ Evidence of weapons possessed by a defendant but not used in the crime for which the defendant is charged generally should not be introduced because the evidence is irrelevant and highly prejudicial. *Oldham v. State,* 779 N.E.2d 1162, 1174 (Ind.Ct.App.2002), *trans. denied.* In this case, the evidence that Stringer possessed a gun or fired a gun is not relevant to either of the possession charges, or the charge of resisting law enforcement. *See* Ind. Evid. R. 401. Aside from being irrelevant, this evidence was likely prejudicial as its implication is that Stringer is a criminal who not only possesses illegal drugs, but engages in violent behavior. *See* Ind. R. Evid. 404(a) and (b). Furthermore, we cannot accept the State's explanation for the proper admission of this evidence. In our review of the record, we conclude that neither of these facts is necessary to support the police officers' testimonies regarding what led to Stringer's arrest, and certainly these facts are not necessary to prove that Stringer possessed cocaine or Xanax, or resisted law enforcement. The police officers could have testified to the events that occurred without mentioning that they found a weapon on Stringer's person or that Stringer admitted to firing gunshots at someone previously that night. Therefore, we hold that the trial court improperly denied Stringer's Motion in Limine and improperly admitted the challenged evidence.

■ The State goes on to argue that even if the evidence was admitted in error, such error was harmless. We disagree. As stated above, we have previously held that evidence of weapons possessed by a defendant—but not used in the crime for which he is charged—is irrelevant and highly prejudicial. *See Oldham,* 779 N.E.2d at 1174. In Stringer's case, such evidence was introduced early in the State's case-in-chief, and thus may have skewed the jury's assessment of Stringer's character throughout the remainder of the trial. Due to the risk of this prejudicial inference by the jury, we vacate Stringer's convictions in this case and remand for a new trial. To guide the trial court on remand, we next discuss Stringer's conten-

tion that the trial court improperly refused to instruct the jury on the defenses available under I.C. § 35–48–4–16.

## II. *Proposed Jury Instruction*

■ Stringer argues that the trial court erred when it refused to instruct the jury as to I.C. § 35–48–4–16, which provides, in pertinent part, the defenses to possessing cocaine or a controlled substance within one thousand feet of a public park. Specifically, Stringer requested that the jury be instructed on the defenses of: (1) being only briefly in, on, or within one thousand feet of a public park, and (2) the absence of any person under the age of eighteen years and at least three years younger than the defendant in, on, or within one thousand feet of the public park at the time of the offense. *See* I.C. § 35–48–4–16(b)(1) and (2).

■ The manner of instructing a jury is left to the sound discretion of the trial court, and we review its decision thereon only for an abuse of that discretion. *Patton v. State,* 837 N.E.2d 576, 579 (Ind.Ct.App.2005); *Alvies v. State,* 795 N.E.2d 493, 504 (Ind.Ct.App.2003), *trans. denied.* When the trial court refuses a tendered instruction, we must consider: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions that are given. *Alvies,* 795 N.E.2d at 504–05. Jury instructions are to be considered as a whole and in reference to each other. *Hancock v. State,* 737 N.E.2d 791, 794 (Ind.Ct.App.2000). Error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case. *Id.* Before a defendant is entitled to a reversal, he must affirmatively show the instructional error prejudiced his substantial rights. *Id.*

Here, Stringer was convicted of possessing cocaine in an amount less than three grams. This offense would typically be categorized as a Class D felony, subject to a presumptive sentence of a year and half and a maximum sentence of three years. *See* I.C. §§ 35–48–4–6(a) and 35–50–2–7. However, when a person possesses less than three grams of cocaine and is in, on, or within one thousand fee of a public park, the offense becomes a Class B felony, carrying a presumptive sentence of ten years and a maximum sentence of twenty years. *See* I.C. §§ 35–48–4–6(b)(2) and 35–50–2–5. Stringer was also convicted of possessing a controlled substance under I.C. § 35–48–4–7, which is typically a Class D felony, but is aggravated to a Class C felony when, as in Stringer's case, it is committed in, on, or within one thousand feet of a public park. The presumptive sentence for such a Class C felony is four years and the maximum sentence is eight years. *See* I.C. § 35–50–2–6. Accordingly, to instruct the jury as to defenses available to him, Stringer proposed the following instruction:

I.C. § 35–48–4–16(a) and (b) state:

(a) For an offense under this chapter that requires proof of:

(3) possession of cocaine … or controlled substance; within one thousand (1,000) feet of … a public park …

(b) It is a defense for a person charged under this chapter with an offense that contains an element listed in subsection (a) that:

(1) a person was briefly in, on, or within one thousand [ ] feet of … a public park … [;and]

(2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one

thousand [ ] feet of the ... public park ... at the time of the offense. (Appellant's App. p. 96).

In refusing Stringer's proposed instruction, the trial court stated:

The statute that you cite, [Defense Counsel], is very interesting because it starts out [referring to] an offense under this chapter [that] requires proof of delivery, financing or possession of cocaine within a thousand feet of a [public park] ... then it goes [on], as [ ] indicated, that the person was briefly on, there were no children around and so forth. Subsection (d) becomes very interesting, however, because it says the defense under this section applies only to the element of the offense that requires proof that the delivery, financing of the delivery or possession of cocaine occurred in, on or within [one thousand] feet. Now that would seem to be referring to Possession with Intent to Deliver or Delivery and so it would negate the defense in this particular case, which is indirect, or at least makes the statute ambiguous as anything. Regardless, I'm going to refuse [the] tendered instruction ...

(Transcript pp. 99–100).

In our review, we disagree with the trial court's assessment that I.C. § 35–48–4–16 is ambiguous. Rather, our reading of the statute's express language leads us to find that the defenses discussed are applicable to crimes of delivering, financing, *or possessing* cocaine. I.C. § 35–48–4–16(a)(1), (2), and (3); *See also Denney v. State*, 773 N.E.2d 300, 301–02 (Ind.Ct.App.2002) (stating that we are neither bound by, nor required to give deference to the trial court's interpretation of a statute). Therefore, the trial court's interpretation that the statute may only apply to possession crimes with the intent to deliver is contrary to the express language of the stat-

ute, and thus incorrect. Consequently, we conclude that the instruction tendered by Stringer, citing the pertinent part of I.C. § 35–48–4–16, correctly states the law. *See Alvies*, 795 N.E.2d at 504–05.

Our review of the record also indicates that the State introduced evidence at trial that the public park near the site of Stringer's arrest is a ten-acre neighborhood park, open daily from 7:00 a.m. to 11:00 p.m., primarily used by persons under the age of eighteen for numerous recreational activities. In addition, the record reveals that the State introduced a map of the area into evidence, including the public park, to show Stringer's path leading up to his arrest, as well as to show where the police officers' chase of Stringer ended—which was determined to be two hundred feet from the public park. Evidence of this distance was then used to support the State's argument that Stringer was clearly within one thousand feet of the park during at least part of his attempted escape from the police.

On the other hand, our review fails to show that Stringer presented any direct evidence that I.C. § 35–48–4–16 provides a defense if it is shown that no one was in the park at the time of the incident and that the defendant was only in or near the park for a brief time. Rather, Stringer only evoked testimony during cross-examination of one of the State's witnesses that it is unknown whether anyone under the age of eighteen was in the park at the time Stringer was arrested. Although it is arguable that the record supports the giving of such an instruction, ultimately, the record in this case leads us to conclude that the defense's theory did not support giving the instruction. Thus, despite that the record additionally shows that no other instruction covered the substance of the proposed instruction on I.C. § 35–48–4–16, we cannot hold that the trial court abused

its discretion by this omission. Additionally, because Stringer offers nothing more than a general assertion that his rights were substantially affected by the instruction's omission, we reject this claim and decline the invitation to create support for this argument on his behalf. *See* Ind.App. R. 46A(8).

### CONCLUSION

Based on the foregoing, we conclude: (1) the trial court prejudiced Stringer's substantial rights by allowing evidence into trial showing that he possessed a handgun at the time of his arrest, and admitted to firing it just before his arrest; and (2) the trial court did not abuse its discretion in refusing Stringer's proposed jury instruction concerning I.C. § 35–48–4–16.

Vacated and remanded with instructions.

BAILEY, J., and MAY, J., concur.