**Jesus BROWN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0802–CR–137.

Court of Appeals of Indiana.

Oct. 16, 2008.

Bryan Lee Ciyou, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Jesus Brown appeals his conviction for escape as a class D felony.[1] Brown raises one issue, which we restate as whether the trial court committed fundamental error in failing to instruct the jury about the offense of unauthorized absence from home detention. We affirm.

The relevant facts follow. On March 5, 2007, Brown, having been convicted of possession of cocaine as a class D felony, was sentenced to 545 days executed on home detention. On September 13, 2007, at around 3:40 p.m. Marion County Sheriff's Deputy Brian Kotarski was approaching Brown's residence to serve a warrant on another individual there when he observed Brown walking in an alley nearby. Brown "froze like a deer in headlights," turned, and then fled from Deputy Kotarski "at a fast pace." Transcript at 46.

In the course of serving the warrant, Deputy Kotarski was given permission to search Brown's residence. He then found Brown, whom he recognized as the man in the alley, lying in bed in a back bedroom. He observed that Brown had "an anklet on his ankle, commonly ... worn by people that are on home detention." *Id.* at 48. It was later determined that Brown was authorized to be out of his house only from 11:00 a.m. to 1:00 p.m. that day.

The State charged Brown with escape as a class D felony. After trial, the jury found Brown guilty as charged. The trial court sentenced Brown to 365 days on home detention and an additional 180 days probation.

The issue is whether the trial court committed fundamental error in failing to instruct the jury about the offense of unauthorized absence from home detention, a class A misdemeanor. Brown argues that, although he made no objection to the lack of a jury instruction on the offense, "it is apparent that the failure to instruct the jury on the misdemeanor of unauthorized absence from home detention, deprived Mr. Brown of due process and the fundamental error doctrine applies." Appellant's Brief at 10. "[W]hen this Court considers a claim of fundamental error, we look to the jury instructions as a whole to determine if they were adequate." *Ringham v. State*, 768 N.E.2d 893, 898 (Ind.2002).

The offense of escape as a class D felony is governed by Ind.Code § 35–44–3–5(b), which provides that "[a] person who knowingly or intentionally violates a home detention order or intentionally removes an electronic monitoring device commits escape, a Class D felony."[2] Ind.Code

---

1. Ind.Code § 35–44–3–5 (2004).

2. Brown argues that he did not commit escape as a class D felony because he "was not escaping to anywhere" under the "dictionary definition" of the word "escape." Appellant's Brief at 11. We note that Ind.Code § 35–44–3–5(b) does not require proof that a defendant was attempting to leave the jurisdiction or go anywhere in particular to sustain a conviction for escape, but, rather, requires only proof that the defendant knowingly or intentionally violated a home detention order or intentionally removed an electronic monitoring device. To the extent that Brown is arguing that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally violated his home detention order, we hold that the State met its burden.

§ 35–38–2.5–13, which governs the offense of unauthorized absence from home detention, provides:

An offender who:

(1) leaves the offender's home in violation of [Ind.Code § 35–38–2.5–6(1) ] or without documented permission from the supervising entity;

(2) remains outside the offender's home in violation of [Ind.Code § 35–38–2.5–6(1) ] or without documented permission from the supervising entity; or

(3) travels to a location not authorized under [Ind.Code § 35–38–2.5–6(1) ] or not authorized in writing by the supervising entity;

commits unauthorized absence from home detention, a Class A misdemeanor.

Ind.Code § 35–38–2.5–6(1), which is referenced in defining the offense of unauthorized absence from home detention, provides:

An order for home detention of an offender under [Ind.Code § 35–38–2.5–5] must include the following:

(1) A requirement that the offender be confined to the offender's home at all times except when the offender is:

(A) working at employment approved by the court or traveling to or from approved employment;

(B) unemployed and seeking employment approved for the offender by the court;

(C) undergoing medical, psychiatric, mental health treatment, counseling, or other treatment programs approved for the offender by the court;

(D) attending an educational institution or a program approved for the offender by the court;

(E) attending a regularly scheduled religious service at a place of worship; or

(F) participating in a community work release or community restitution or service program approved for the offender by the court.

Ind.Code § 35–38–2.5–5(a) provides that *"as a condition of probation* a court may order an offender confined to the offender's home for a period of home detention lasting at least sixty (60) days." (emphasis added).

In summary, Ind.Code § 35–38–2.5–13 governs unauthorized absences from home detention in violation of Ind.Code § 35–38–2.5–6(1), which, in turn, provides the requirements for a valid home detention order imposed under Ind.Code § 35–38–2.5–5. Ind.Code § 35–38–2.5–5, specifically referenced in Ind.Code § 35–38–2.5–6(1), provides for home detention as a condition of probation.

■ Thus, inasmuch as Ind.Code § 35–38–2.5 deals with home detention as a condition of probation, we conclude that the offense of unauthorized absence from home detention concerns the violation of an order for home detention imposed as a condition of probation. In light of the preceding statutory language, the offense applies only in cases where the defendant has been placed on home detention as a condition of probation.

■ Here, the presentence investigation report indicates that Brown was sentenced to 545 days executed for the possession conviction, and, at trial, the parties stipulated that on September 13, 2007, Brown "was serving an executed sentence on home detention through Marion County Community Corrections." Exhibit 1. "An 'executed sentence' is one that is actually served in a correctional facility, or other alternative correctional program, such as

work release or home detention as opposed to a suspended sentence or sentence of probation." *Hildebrandt v. State,* 770 N.E.2d 355, 360 (Ind.Ct.App.2002), *trans. denied.* Thus, Brown was placed on home detention as part of his executed sentence, and not as a condition of probation, and the offense of unauthorized absence from home detention does not apply to the present case. Accordingly, the trial court did not commit fundamental error in failing to instruct the jury on the offense.[3]

For the foregoing reasons, we affirm Brown's conviction for escape as a class D felony.

Affirmed.

MATHIAS, J., concurs.

BAKER, C.J., concurs in result with separate opinion.

BAKER, Chief Judge, concurring in result.

Although I concur in the result reached by the majority, I must respectfully part ways with my colleagues' analysis. Like the proverbial duck, if it looks like home detention, is treated as home detention, and is called home detention, it is home detention. I believe this to be true regardless of the way in which it is being served. Whether on probation or as part of an executed sentence, home detention is home detention. A defendant commits class D felony escape if he "knowingly or intentionally violates a home detention order," I.C. § 35–44–3–5(b), and he commits class A misdemeanor unauthorized absence from home detention if he violates an order of home detention in any of three possible ways, I.C. § 35–38–2.5–13.

I believe the majority's interpretation of these statutes to be overly technical, inasmuch as nothing in the former statute limits its application to an executed sentence and nothing in the latter limits its application to a defendant on probation. It is apparent to me that the General Assembly crafted this legislative scheme in an effort to provide flexibility to prosecutors in charging the crime and to juries in crafting a verdict. Thus, I disagree with my colleagues' conclusion that a defendant who is serving home detention as part of an executed sentence and violates the terms of his detention order may only be charged with and convicted of a class D felony.

That said, in this case, Brown neglected to object to the trial court's jury instructions, which did not include an instruction on the lesser-included class A misdemeanor, or to proffer his own instruction on the issue. He argues that, notwithstanding his failure to do so, the trial court committed fundamental error by failing to give such an instruction because this failure violated the rule of lenity. The rule of lenity, however, does not apply when the court is faced with "two specific statutes, which are not ambiguous." *Schnepp v. State,* 768 N.E.2d 1002, 1007 (Ind.Ct.App. 2002). The two statutes at issue herein are specific and unambiguous; consequently, the rule of lenity does not apply. Under these circumstances, I agree that the judgment of the trial court should be affirmed.

---

**3.** Brown also suggests that his conviction for escape as a class D felony violates the rule of lenity by imposing a harsher penalty than would have been imposed under a conviction for unauthorized absence from home deten-

tion. Because Brown could not have been charged with or convicted of unauthorized absence from home detention, we need not address Brown's argument.