**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA LOVE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.   49A02-1107-CR-629 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Anne M. Flannelly, Commissioner
Cause No.  49F09-1011-FD-85977

**March 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

STATEMENT OF THE CASE

Joshua Love appeals his conviction of escape as a class D felony and his adjudication as a habitual offender.

We affirm.

ISSUE

Whether the trial court erred in instructing the jury.

FACTS

In April 2010, Love entered into a Marion County Community Corrections Electronic Monitoring Contract ("the Contract") for home detention to serve an executed sentence for a class C robbery conviction. The Contract provided in relevant part as follows:

1. YOU SHALL be confined **inside** (within the walls of your residence: front door to back) your home at all times . . . .

\*       \*       \*

2. . . . If you leave your residence without permission Home Detention . . . you will be considered an Absconder. A Violation with a warrant request will be requested. Further, the Prosecutor's Office may file a charge of Escape/FD against you.

(State's Exhibit 3).

In November 2010, Indianapolis Metropolitan Police Department Officer George June drove by Love's house and noticed him standing outside of his house at the curb

talking with four or five men.  The officer radioed for assistance and returned to Love's house with two other officers.  The officers saw Love sitting in the driver's side of a vehicle parked in his yard.  When Officer June approached the vehicle, he immediately smelled marijuana.  A bag containing 11.32 grams of marijuana was also in plain view.

Love was convicted by a jury of escape as a class D felony and possession of marijuana as a class A misdemeanor.  He was also adjudicated to be a habitual offender.  Love appeals his conviction of escape as well as the habitual offender adjudication.

### DECISION

Love's sole argument is that the trial court erred in instructing the jury.  Specifically, he contends that the trial court erred in failing to instruct the jury on the lesser included offense of unauthorized absence from home detention, a class A misdemeanor.

In resolving this issue, we initially observe that the trial court has broad discretion in the manner of instructing the jury and we review the trial court's decision only for an abuse of discretion.  *Stringer v. State*, 853 N.E.2d 543, 548 (Ind. Ct. App. 2006).  If the trial court fails to cover some pertinent point in instructing the jury, it is the obligation and the duty of the party desiring to have that point covered in the instruction to tender his own instruction on the same.  *Nolan v. State*, 863 N.E.2d 398, 404 (Ind. Ct. App. 2007), *trans. denied*.  Moreover, in criminal cases, a party must tender to the trial court in writing any instructions the party believes are applicable to the case.  Ind. Crim. Rules 8(A) and (D).  Failure to tender such an instruction waives the right to object to that point

not being covered. *Nolan*, 863 N.E.2d at 404. Love failed to tender such an instruction to the trial court, and he has therefore waived review of this issue.

Waiver notwithstanding, we find no error. *Kilgore v. State*, 922 N.E.2d 114, 119 (Ind. Ct. App. 2010), *trans. denied*, is dispositive. There, Kilgore was placed on home detention to be monitored by Tippecanoe County Community Corrections ("TCCC") for sentencing purposes. He failed to report to the TCCC officer in charge of his case, made an unauthorized trip from Lafayette to Muncie, and was subsequently convicted of escape and adjudicated to be a habitual offender.

On appeal, Kilgore argued that the trial court erred in failing to give his tendered jury instruction on unauthorized absence from home detention as a lesser included offense of escape. First this Court determined that unauthorized absence from home detention is not a lesser included offense of escape because the two statutes contain materially different elements. *Id.* at 119.

This Court further stated that the offense of unauthorized absence from home detention applies only in cases where the defendant has been placed on home detention as a condition of probation. *Id.* (citing *Brown v. State,* 894 N.E.2d 598, 600-01 (Ind. Ct. App. 2008)). Defendants serving executed sentences on home detention are not entitled to an instruction on that offense. *Id.* Because Kilgore was serving an executed sentence on home detention when he violated the detention order by leaving his residence, we concluded that he was not entitled to an instruction on unauthorized absence from home detention. *Id*.

4

Here, as in *Kilgore*, Love was serving an executed sentence on home detention when he violated the Contract by leaving his house. He was therefore not entitled to an instruction on unauthorized absence from home detention. *See id*. The trial court did not err in failing to give such an instruction.

Affirmed.

BAKER, J., and BAILEY, J., concur.

5