**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RONALD K. SMITH**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
May 21 2013, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN T. PRICE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1210-CR-809 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-1202-FC-4

**May 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Kevin T. Price appeals his convictions and sentence for class D felony pointing a firearm and class A misdemeanor battery resulting in bodily injury. He argues that the trial court erred in excluding his alibi witness and in instructing the jury. He also asserts that his sentence is inappropriate. Finding no error, we affirm.

**Facts and Procedural History**

In the early morning hours of February 18, 2012, Price was drinking and doing drugs in his apartment with Stephania Twilley and others. Twilley had contributed money to the group's drug activities but asked Price to return the money. An argument erupted. Twilley left the apartment, and Price followed. He hit, choked, and kicked Twilley, causing her to feel pain and fall to the ground. He dragged her across the ground, tearing her clothing. He grabbed Twilley's phone and purse and left. Twilley retrieved someone else's phone to call the police. Price reappeared with a handgun. Twilley ran. Price pointed the gun at her and chased her for about a block. Price left the scene and was arrested later that day.

On February 24, 2012, the State charged Price with class C felony robbery, class D felony pointing a firearm, and class A misdemeanor battery resulting in bodily injury. On April 23, 2012, a pretrial hearing was held, during which Price made no mention of an alibi defense. On May 7, 2012, two days before trial, Price filed a notice of alibi and an unsworn statement, stating that he could not work on finding his alibi witness until he was released from jail on April 12, 2012, at which time he was able to access his cell phone and find the

witness's telephone number. Following a hearing, the trial court excluded Price's alibi witness.

The jury was unable to reach a verdict on the robbery charge but found Price guilty of the remaining charges. The trial court sentenced Price to three years executed for the class D felony and one year executed for the class A misdemeanor battery, to be served concurrently. Price appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

*I. Exclusion of Alibi Witness*

Price challenges the trial court's exclusion of his alibi witness. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Washington v. State*, 840 N.E.2d 873, 879 (Ind. Ct. App. 2006), *trans. denied*. "'An abuse of discretion occurs when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before it.'" *Id.* (quoting *Farris v. State*, 818 N.E.2d 63, 67 (Ind. Ct. App. 2004), *trans. denied* 2005).

Price's notice of alibi, submitted on May 7, 2012, just two days before trial, read, "That Jaime Phillips, [street address], Yorktown, IN 47396, was with the Defendant at the time of the alleged offense." Appellant's App. at 27. Price's notice was not in compliance with Indiana Code Section 35-36-4-1, which requires that the notice of alibi be filed "no later than twenty days prior to the omnibus date" (here April 6, 2012) and "include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information." If a defendant fails to file the notice of alibi in

3

accordance with Section 35-36-4-1, "and if the defendant does not show good cause for his failure, then the court shall exclude evidence offered by the defendant to establish an alibi." Ind. Code § 35-36-4-3. The trial court concluded that Price failed to show good cause for his noncompliance.

On appeal, Price appears to argue that the exclusion of his alibi witness violated his constitutional rights to compulsory due process, citing *Washington*, 840 N.E.2d at 883. He contends that "there was no evidence that the late submission of the name of the witness was due to willful or purposeful misconduct to gain tactical advantage." Appellant's Br. at 6. Price did not raise this argument before the trial court and therefore has waived the issue. *See Washington*, 840 N.E.2d at 880 ("'[A] party may not present an argument or issue to an appellate court unless the party raised the same argument or issue before the trial court.'" (quoting *Crafton v. State*, 821 N.E.2d 907, 912 (Ind. Ct. App. 2005)).

Waiver notwithstanding, Price's argument fails. In *Washington*, we considered whether the exclusion of third-party witness alibi testimony violated a defendant's Sixth Amendment compulsory due process rights. To determine whether a defendant's rights were violated, we adopted a balancing test in which we weigh the defendant's "right to present witnesses on his behalf against the State and the public's interest in maintaining the integrity of the adversary process." *Id*. at 883. We concluded that there was no evidence that Washington "willfully or purposely suppressed alibi evidence to gain a tactical advantage" and that "although the State was prejudiced by Washington's belated notice of alibi defense, this prejudice was not severe" as Washington's alibi witness's testimony was not a complete

4

alibi. *Id.* While it was a close case, we found Washington's right to present witnesses on his behalf slightly outweighed the State and public's interest in maintaining the integrity of the adversary process. *Id.* Therefore, we concluded that Washington's compulsory due process rights were violated. *Id.* at 883-84. However, we concluded that the error was harmless. *Id.* at 884.

In contrast to *Washington*, it is not as clear in this case that Price did not willfully or purposely suppress alibi evidence to gain a tactical advantage. While Washington's notice of alibi defense was untimely, Price's notice of alibi defense was both untimely and substantively incomplete. Price's notice provided only the name of the witness and not the "exact place on the date stated in … the information" as required by Indiana Code Section 35-36-4-1. Further, Price's alleged reasons for his late notice were set forth in an unsworn statement, which failed to explain why it took nearly a month after his release from jail to file the notice of alibi even though all he had to do was locate the phone number on his cell phone. Also problematic is Price's failure to inform the State of any alibi defense at the pretrial hearing on April 23, 2012. Under the circumstances, it is reasonable to question whether something was suspicious about the last-minute filing of his notice of alibi.

In addition, the prejudice to the State in this case is greater than that in *Washington*. Price's alibi defense was a complete alibi. We conclude that Price's right to present witnesses on his behalf does not outweigh the State and public's interest in maintaining the integrity of the adversary process. Accordingly, the trial court's exclusion of Price's alibi witness did not violate his compulsory due process rights.

## II. Jury Instructions

Price tendered Jury Instruction 2.6, which read,

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the Accused, and the other to his/her innocence, it is your duty, under the law, to adopt that interpretation which is consistent with the Accused's innocence, and reject that which points to his/her guilt.

Appellant's App. at 41. The trial court refused the instruction.

We review a trial court's decision to give or refuse a tendered instruction for an abuse of discretion. *Dora v. State*, 783 N.E.2d 322, 326 (Ind. Ct. App. 2003), *trans. denied.* In reviewing the trial court's decision, "'we consider (1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions.'" *O'Connell v. State*, 970 N.E.2d 168, 172 (Ind. Ct. App. 2012) (quoting *Mumford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010)). A defendant is entitled to a reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights. *Buckner v. State*, 857 N.E.2d 1011, 1015 (Ind. Ct. App. 2006).

Here, the evidence did not support Price's tendered instruction because the case did not involve two constructions or interpretations of the evidence. During closing argument, Price's counsel argued that the State's witnesses were not credible and that the State failed to present sufficient evidence to establish the elements of the offenses. We agree with the State that "Price, by asking the jury to reject the State's evidence outright, was not offering a

6

'construction' of that evidence." Appellee's Br. at 15. Accordingly, the trial court did not abuse its discretion in refusing Price's tendered Instruction 2.6.[1]

Price also argues that the trial court abused its discretion in failing to instruct the jury on class A misdemeanor pointing a firearm because there was no evidence that the gun was loaded.[2] Price failed to object to the trial court's instruction defining pointing a firearm as a class D felony and failed to tender a jury instruction on class A misdemeanor pointing a firearm. Therefore, Price has waived this issue. *See Ortiz v. State*, 766 N.E.2d 370, 375 (Ind. 2002) ("Failure to tender an instruction results in waiver of the issue for review.").

Waiver notwithstanding, Price's argument fails. In this case, an instruction on class A misdemeanor pointing a firearm would have been improper because whether Price's gun was loaded or unloaded was not at issue. *See Adkins v. State*, 887 N.E.2d 934, 938 (Ind. 2008) ("[I]f a defendant charged with Class D Felony Pointing a Firearm seeks instead to be convicted of Class A Misdemeanor Pointing a Firearm, the defendant must place the fact of the gun having been unloaded at issue if the State's evidence has not done so."). There was no error here.

### III. Sentencing

Price contends that the three-year executed sentence for his class D felony conviction is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may

---

[1] The State also defends the trial court's refusal of Price's tendered Jury Instruction 2.4. However, Price does not challenge the trial court's refusal of that instruction in his brief.

[2] "A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded." Ind. Code § 35-47-4-3.

revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Price received the maximum sentence for a class D felony. *See* Ind. Code § 35-50-2-7. Price has the burden to show that his sentence is inappropriate. *See Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

As for the nature of the offense, Price not only pointed a firearm at Twilley, but he also chased her down the street while pointing the gun at her. As for Price's character, his criminal history dates back to 1989 and includes convictions for seven felonies and thirteen misdemeanors. His felony convictions include burglary, intimidation, and battery on a law enforcement officer. He has violated probation and had it revoked in five previous cases. He was on probation when he committed the present crimes. Price also failed to appear at his original sentencing hearing and refused to cooperate with the preparation of the presentence investigation report. We conclude that Price has failed to carry his burden to show that his sentence is inappropriate.[3]

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.

---

[3] Price also argues that the trial court did not meet the requirements for weighing the aggravating and mitigating circumstances, citing *Powell v. State*, 751 N.E.2d 311 (Ind. Ct. App. 2001). However, "'the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence' and thus 'a trial court can not now be said to have abused its discretion in failing to properly weigh such factors.'" *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012) (quoting *Anglemyer*, 868 N.E.2d at 491).